| | |
|---|---|
| 1 | EDWIN K. PRATHER (Cal. Bar No. 190536) |
|   | SYBIL L. RENICK (Cal. Bar No. 213149) |
| 2 | PRATHER LAW OFFICES |
|   | 245 Fifth Street, Suite 103 |
| 3 | San Francisco, California 94103 |
|   | Telephone:   415-881-7774 |
| 4 | Email: Edwin@pratherlawoffices.com |
|   | Email: Sybil@pratherlawoffices.com |
| 5 | |
|   | Attorneys for Defendants |
| 6 | LONG YING INTERNATIONAL, INC. and |
|   | DAVID M. HO |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | | |
|---|---|---|
| MARIA DE LA LUZ PEREZ BAUTISTA, LUZ PEREZ BAUTISTA and SALVADORA CORREA, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | Case No. 4:20-cv-01613 |
| Plaintiffs, | ) ) | **NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS BY DEFENDANTS LONG YING INTERNATIONAL, INC. AND DAVID M. HO; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | ) ) ) ) | |
| JUUL LABS, INC. COALITION FOR REASONABLE VAPING REGULATION, LONG YING INTERNATIONAL, INC., DAVID M. HO, and DOES 1-10 inclusive, | ) ) ) ) ) | |
| | ) ) | Filed Concurrently Herewith: Declaration of David M. Ho; [Proposed] Order |
| Defendants. | ) ) | Hon. Haywood S. Gilliam, Jr. |
| | ) ) ) ) | |
| | ) ) | Action Filed:   March 4, 2020 |
| | ) ) | Trial Date:       None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Long Ying International, Inc. and David M. Ho (collectively "Defendants") will and do move this Court for an order compelling arbitration of each of Plaintiffs' claims on an individual basis and staying proceedings in this Court. Pursuant to the Court's General Orders Nos. 72 and 73, and Judge Gilliam's Scheduling Notes, Defendants submit this motion on the papers without noticing a hearing date.

This motion is brought on the grounds that Plaintiffs' claims against Defendants are subject to valid and enforceable arbitration agreements that require each of them to arbitrate their claims on an individual basis only.

Defendants' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of David M. Ho, and any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.    INTRODUCTION .................................................................................................. 1

II.   STATEMENT OF FACTS ..................................................................................... 1

      A.   Plaintiffs Agreed to Work on the "Yes on C Campaign" as Independent Contractors Under an Agreement Requiring Arbitration .......................... 1

      B.   Plaintiffs Filed This Lawsuit in Contravention of Their Agreement to Arbitrate the Disputes ................................................................................. 3

III.  ARGUMENT ........................................................................................................... 4

      A.   The Federal Arbitration Act Mandates Arbitration of Plaintiffs' Claims. .............. 4

      B.   Plaintiffs Agreed to Arbitrate Any and All Disputes Arising Out of or Related to Work on the Yes on C Campaign ............................................ 5

           1.   The Arbitration Agreements are Valid and Enforceable ............................. 6

           2.   Plaintiffs' Claims Are Covered by the Arbitration Provision ..................... 7

      C.   Plaintiffs' Claims Must Proceed to Arbitration Individually ................................ 7

      D.   The Matter Must Be Stayed While Arbitration Proceeds ..................................... 8

IV.   CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) .................................................................. 5

*AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011) ................................................................. 4, 8

*AT&T Technologies, Inc. v. Commc'n Workers of Am.*, 475 U.S. 643 (1986) .................................... 4, 7

*Catamaran Corp. v. Towncrest Pharmacy*, 864 F.3d 966 (8th Cir. 2017) ............................................. 7

*Chassen v. Fid. Nat. Fin., Inc.*, No. CIV.A. 09-291 PGS, 2014 WL 202763 (D.N.J. Jan. 17, 2014) .................................................................................................................................... 7

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000) ........................................ 5

*Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003) ............................................................................ 5

*Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018) ................................................................................. 5

*First Options of Chicago v. Kaplan*, 514 U.S. 938 (1995) ................................................................... 6

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ............................................................. 4

*Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 ........................................................................................ 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ..................................... 4, 6

*Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326 (3d Cir. 2014) .......................................................... 7

*Pacificare Health Sys., Inc. v. Book*, 538 U.S. 401 (2003) .................................................................. 5

*Perry v. Thomas*, 482 U.S. 483 (1987) .................................................................................................. 4

*Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594 (6th Cir. 2013) ......................... 7

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) .................................................... 8

**STATE CASES**

*Giuliano v. Inland Empire Personnel Inc.*, 149 Cal. App. 4th 1276 (2007) .......................................... 5

*Mercury Ins. Grp. v. Super. Ct.*, 19 Cal.4th 332 (1988) ........................................................................ 4

*Metalclad Corp. v. Ventana Envtl. Org. P'ship*, 109 Cal. App. 4th 1705 (2003) ................................ 6

*Shepard v. Edward Mackay Enters., Inc.*, 148 Cal. App. 4th 1092 (2007) ........................................... 5

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

9 U.S.C. § 2 ................................................................................................................................4

9 U.S.C. § 3 ................................................................................................................................8

9 U.S.C. § 4 ................................................................................................................................4

29 U.S.C. § 203(s)(1)(A) ............................................................................................................5

Federal Arbitration Act......................................................................................................passim

Fair Labor Standards Act........................................................................................................3, 5

**STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Cal. Civ. Code § 1550 ................................................................................................................6

Cal. Civ. Code § 1556 ................................................................................................................6

Cal. Labor Code §§ 201, 203 .....................................................................................................3

Cal. Labor Code § 226 ...............................................................................................................3

Cal. Labor Code §§ 226.7, 512 ..................................................................................................3

Cal. Labor Code §§ 510, 1194 ...................................................................................................3

Cal. Labor Code §§ 1194, 1194.2 ..............................................................................................3

Cal. Labor Code § 2802 .............................................................................................................3

S.F. Admin. Code § 12R ............................................................................................................3

Cal. Bus. & Prof. Code § 17200, et seq. ....................................................................................3

v

MOTION TO COMPEL ARBITRATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs' claims are subject to arbitration agreements.  Each of the named Plaintiffs entered into Independent Contractor Agreements with Defendant Long Ying International, Inc. ("Long Ying") that contain valid and enforceable arbitration provisions.  Plaintiffs claim that Defendants misclassified them and other workers as independent contractors, and purport to bring a class action lawsuit.  But Plaintiffs' claims arise out of the Independent Contractor Agreements, and disputes over the terms of the Agreements are required to be arbitrated on an individualized basis.  Because Plaintiffs and Long Ying agreed to submit disputes arising out of the Agreements to arbitration, and did not agree to class-wide arbitration, the Court must compel Plaintiffs to arbitrate their claims on an individual basis and stay this action while arbitration proceeds.

## II.  STATEMENT OF FACTS

### A.  Plaintiffs Agreed to Work on the "Yes on C Campaign" as Independent Contractors Under an Agreement Requiring Arbitration

On June 25, 2019, San Francisco's Board of Supervisors banned the sale and distribution of e-cigarettes and vaping products in San Francisco.  On July 10, 2019, the San Francisco Department of Elections certified a ballot measure (Proposition C) for the 2019 general election that would repeal the ban passed by the Board of Supervisors.  Ho Decl. ¶ 2.

The Coalition for Reasonable Vaping Regulation ("CRVR") is a political committee and advocacy organization established and incorporated under California law to "advocat[e] for the enforcement of strong and coherent laws, regulations and policies which will prevent the use of e-cigarettes and other tobacco products by youth under the age of 21, while allowing adults the choice to continue purchasing these products in brick and mortar stores and online."  Ho Decl. ¶ 3, Exh. D.

CRVR retained Long Ying, a San Francisco-based strategic consultancy company, to provide campaign consulting and field management services in support of the Yes on C Campaign.  David M. Ho, the Chief Executive Officer of Long Ying International, Inc., is a political consultant and registered lobbyist.  Mr. Ho was also retained by CRVR as an independent contractor to provide field campaign consulting services.  Ho Decl. ¶ 2.

Each of the named Plaintiffs entered into Independent Contractor Agreements with Long Ying under which Plaintiffs worked for the Yes on C Campaign as phone bank callers, door-to-door canvassers, and in the case of Plaintiff Luz Perez Bautista, also as an administrative assistant between August and October 2019. Compl. ¶¶ 9-11. Plaintiffs admit that each signed an agreement entitled "Independent Contractor Agreement" with Long Ying. Compl. ¶¶ 25-26.

- Plaintiff Maria de la Luz Perez Bautista signed the Independent Contractor Agreement with Long Ying on August 14, 2019. Ho Decl. ¶ 4, Exh. A.

- Plaintiff Luz Perez Bautista signed the Independent Contractor Agreement with Long Ying on August 16, 2019. Ho Decl. ¶ 4, Exh. B.

- Plaintiff Salvadora Correa signed the Independent Contractor Agreement with Long Ying on August 16, 2019. Ho Decl. ¶ 4, Exh. C.

The Independent Contractor Agreements were entered into between Plaintiffs and Long Ying for the stated purpose of providing services for CRVR. Ho Decl. ¶ 5, Exhs. A-C. Long Ying's Chief Executive Officer, Mr. Ho, signed the contracts on behalf of Long Ying. Compl. ¶ 25; Ho Decl. ¶ 4.

The Independent Contractor Agreements contain the following arbitration clause:

> All disputes over the terms of this Agreement not resolved in a reasonable time by the parties shall be submitted to mediation before a mutually agreed-upon mediator, with the mediator's costs borne equally by the parties. If the mediation is unsuccessful, then the dispute shall be resolved by arbitration before a mutually agreed-upon arbitrator, which shall be binding on the parties, with the prevailing party in the arbitration entitled to recover reasonable attorneys' fees and costs from the losing party. Notwithstanding the foregoing, either party may pursue resolution of a dispute over this Agreement via small claims court.

Ho Decl. ¶¶ 4, 6, Exhs. A-C.

Plaintiffs Maria de la Luz Perez Bautista and Luz Perez Bautista admit they signed the Independent Contractor Agreements as part of the hiring process before they began work on the Campaign. Compl. ¶ 25. Plaintiff Salvadora Correa admits she was explicitly told by a Campaign administrator that she was being hired as an independent contractor and that her pay would be reflected on a 1099 tax form. Compl. ¶ 26. Further, Plaintiffs admit they were paid an hourly rate of

$25 for certain work on the Campaign, and that workers who used their personal cars during canvassing were reimbursed an additional amount per shift. Compl. ¶¶ 34, 42.

### B. Plaintiffs Filed This Lawsuit in Contravention of Their Agreement to Arbitrate the Disputes

Despite the plain language of the Independent Contractor Agreements, on March 4, 2020, Plaintiffs Maria Perez Bautista, Luz Perez Bautista, and Salvadora Correa filed a putative class action complaint against Defendants JUUL Labs, Inc., CRVR, Long Ying, Mr. Ho, and Does 1-10. Plaintiffs never attempted to mediate or arbitrate their claims.

Specifically, Plaintiffs allege that the Defendants are liable for: (1) Failure to Pay Wages Owed at Separation, Cal. Labor Code §§ 201, 203; (2) Failure to Furnish Accurate Wage Statements, Cal. Labor Code § 226; (3) Failure to Pay Minimum Wages Under California Law, Cal. Labor Code §§ 1194, 1194.2; (4) Failure to Pay San Francisco Minimum Wage, S.F. Admin. Code § 12R; (5) Failure to Pay Overtime Wages, Cal. Labor Code §§ 510, 1194; (6) Failure to Reimburse Business Expenses, Cal. Labor Code § 2802; (7) Failure to Provide Meal Periods, Cal. Labor Code §§ 226.7, 512; (8) Violations of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; and (9) Failure to Pay Overtime Wages, FLSA, 29 U.S.C. § 207.

Plaintiffs seek to represent a class of "all individuals who were hired by Long Ying International, Inc. to perform phone banking, canvassing and/or administrative tasks for the Yes on C Campaign and did perform such work at any time during the period between July 2019 and October 2019." Compl. ¶ 54.

Plaintiffs also propose the following two subclasses:

(a) "[A]ll Campaign Workers who performed both canvassing and phone banking on a single day, and to perform such work were required to work at or out of multiple offices for the yes on C Campaign during the course of a single calendar day." Compl. ¶ 55.

(b) "[A]ll individuals who were hired by Long Ying International, Inc. to perform phone banking, canvassing and/or administrative tasks for the Yes on C Campaign, and performed both canvassing and phone banking, working at or

out of multiple Campaign offices during the course of a single calendar day at any time during the period between July 2019 and October 2019." Compl. ¶ 61.

### III. ARGUMENT

The Court should hold Plaintiffs to their contractual obligations by compelling them to arbitrate their claims on an individual basis. See 9 U.S.C. § 4 (requiring courts to compel arbitration "in accordance with the terms of the agreement").  This dispute is governed by the Federal Arbitration Act ("FAA"), which applies to arbitration provisions in contracts, like the Independent Contractor Agreement, that "evidenc[e] a transaction involving commerce." Id. §2.

#### A. The Federal Arbitration Act Mandates Arbitration of Plaintiffs' Claims.

As affirmed by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011), the FAA declares a liberal policy favoring the enforcement of arbitration policies, stating: "A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA is designed "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," and courts must resolve "any doubts concerning the scope of arbitrable issues … in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 4 (1983); *see also, Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991). The FAA does not simply place arbitration agreements on equal footing with other contracts; rather, it "*favor[s]* arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987) (emphasis added). California similarly recognizes a "strong public policy" favoring arbitration. *Mercury Ins. Grp. v. Super. Ct.*, 19 Cal.4th 332, 342 (1988).

"Where [a] contract contains an arbitration clause, there is a presumption of arbitrability" and any "doubts should be resolved in favor of coverage." *AT&T Technologies, Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986).

The arbitration provision at issue in this case is indisputably governed by the FAA. The FAA applies to contracts "involving commerce." 9 U.S.C. § 2; *see also Gilmer v. Interstate/Johnson*

4
MOTION TO COMPEL ARBITRATION

*Lane Corp.*, 500 U.S. 20, 24-26 (1991). Courts "must broadly construe the phrase, 'evidencing a transaction involving commerce,' because the FAA 'embodies Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause.'" *Giuliano v. Inland Empire Personnel Inc.*, 149 Cal. App. 4th 1276, 1286 (2007) (internal citation omitted). This is true "even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995); *see also, Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) ("[T]he FAA encompasses a wider range of transactions than those actually 'in commerce' – that is, 'within the flow of interstate commerce'"); *Shepard v. Edward Mackay Enters., Inc.*, 148 Cal. App. 4th 1092, 1097 (2007) ("The [U.S. Supreme Court] adopted … a 'commerce in fact' interpretation, meaning that the transaction must merely turn out, in fact, to have involved interstate commerce.").

Plaintiffs admit that their work on the Campaign entailed the use of interstate commerce – including e-mail, phone and internet communications. *See, e.g.,* Compl. ¶¶ 31, 33 (detailing Plaintiffs' use of e-mails, telephones, and computers); Ho. Decl. ¶ 2 ("Long Ying's business is directly involved in interstate commerce"); *Giuliano, supra*, 149 Cal. App. 4th at 1287 (affirming interstate nature of employment where Plaintiff admits instate nature of business in complaint). Plaintiffs also assert claims under the Fair Labor Standards Act, which applies only to businesses engaged in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A).

    **B.**    **Plaintiffs Agreed to Arbitrate Any and All Disputes Arising Out of or Related to Work on the Yes on C Campaign**

The FAA "direct[s] courts to … treat arbitration agreements as valid, irrevocable, and enforceable" and "establishes a liberal policy favoring agreements." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018). Accordingly, in determining whether to compel arbitration, only two "gateway" issues need to be decided: (1) whether there exists a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute at issue. *Pacificare Health Sys., Inc. v. Book*, 538 U.S. 401, 407, n.2 (2003); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The Independent Contractor Agreement signed by each Plaintiff checks both boxes. To the extent that any doubt remains as to the proper interpretation of the Agreement on any

issue related to arbitrability, the FAA "establishes that … [it] should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25.

### 1. The Arbitration Agreements are Valid and Enforceable

Plaintiffs do not allege any facts that call into dispute the validity of the Independent Contractor Agreements they entered, nor do they dispute the fact that these Agreements contain an arbitration provision. To the contrary, Plaintiffs allege the existence and validity of these contracts, and their claims arise out of the contracts. Compl. ¶ 25.

General state law contract principles determine whether the parties have agreed to arbitrate. *First Options of Chicago v. Kaplan*, 514 U.S. 938, 944 (1995); *Metalclad Corp. v. Ventana Envtl. Org. P'ship*, 109 Cal. App. 4th 1705, 1712 (2003). The requirements for contract validity under California law are clearly met here: (1) the parties are capable of contracting; (2) there was mutual consent; (3) the contract had a lawful object; and (4) the contract was supported by sufficient cause or consideration. Cal. Civ. Code § 1550. Plaintiffs do not dispute the existence of any of those requirements.

There is no dispute that the parties are capable of contracting. *See* Cal. Civ. Code § 1556 ("All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights."). Plaintiffs do not allege a lack of mutual consent to the terms of the contract. On the contrary, Plaintiffs Maria De La Perez Bautista and Luz Perez Bautista admit that they signed the Independent Contractor Agreements as part of the hiring process before they began work on the Yes on C Campaign. Compl. ¶ 25. Similarly, Plaintiff Salvadora Correa admits she was explicitly told by a Campaign administrator that she was being hired as an independent contractor and that her pay would be reflected on a 1099 tax form. Compl. ¶ 26. Plaintiffs admit that they were hired to support the Yes on C Campaign, and do not contest the legitimacy of the Campaign or the lawfulness of their work in support of it. Compl. ¶¶ 21-26. And Plaintiffs admit they received hourly financial compensation in consideration for work completed pursuant to their Independent Contractor Agreements. Compl. ¶ 34.

All requirements for valid contract formation were satisfied and Plaintiffs do not – and cannot – allege otherwise.

### 2. Plaintiffs' Claims Are Covered by the Arbitration Provision

Under the FAA, the Court must compel arbitration if the claims asserted fall within the scope of a valid arbitration agreement. *AT&T Techs., Inc., supra*, 475 U.S. at 650 ("Where a contract contains an arbitration clause, there is a presumption of arbitrability [and] '[d]oubts should be resolved in favor of coverage.'").

Plaintiffs' claims fall squarely within the scope of the Independent Contractor Agreements. The parties agreed that "[a]ll disputes over the terms of this Agreement" should be submitted to mediation or, in the alternative, to "be resolve by arbitration before a mutually agreed-upon arbitrator, which shall be binding on the parties[.]" The claims at issue here are a dispute between the parties to the agreement arising out of the agreement itself. Thus, there is no reasonable dispute that Plaintiffs agreed to arbitrate their claims. Because there is a valid agreement to arbitrate and the dispute falls within the scope of the agreement, the FAA requires that the Court order the parties to arbitrate the dispute.

### C. Plaintiffs' Claims Must Proceed to Arbitration Individually

Plaintiffs should be compelled to arbitrate their claims on an individual basis, not a class-wide basis because there is no contractual basis for concluding that parties agreed to submit to class arbitration. "The question [of] whether an arbitration agreement permits classwide arbitration is a gateway matter, which is reserved 'for judicial determination unless the parties clearly and unmistakably provide otherwise.'" *Reed Elsevier, Inc. ex rel. LexisNexis Div. v. Crockett*, 734 F.3d 594, 599 (6th Cir. 2013).

Here, the arbitration agreement is silent as to whether an arbitrator should determine the question of class arbitration; thus, such a decision should be left to the courts, as it decisively impacts whose claims the parties must arbitrate and thereby fundamentally affects both the nature and scope of the parties' arbitration agreement. *Id.*; *see also, Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326, 333 (3d Cir. 2014); *Catamaran Corp. v. Towncrest Pharmacy*, 864 F.3d 966 (8th Cir. 2017); *Chassen v. Fid. Nat. Fin., Inc.*, No. CIV.A. 09-291 PGS, 2014 WL 202763 (D.N.J. Jan. 17, 2014).

In *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010), the Supreme Court held that "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id*. at 684.  The Supreme Court recently reaffirmed this rule, holding that, under the FAA, courts cannot compel arbitration on a class-wide where the arbitration provision in question is ambiguous (let alone silent) on the issue. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415, 1418-19 (courts many not compel parties arbitrate in any manner that is "markedly different from … traditional individualized arbitration" and that "interferes with [the] fundamental attributes of arbitration" – e.g., informality, speed, and cost-efficiency – unless the parties expressly agreed to do so).

Far from agreeing to class treatment or class arbitration, the Independent Contractor Agreements make no mention of class representation, and instead speak only to available avenues for individual workers to bring disputes.  Thus, it cannot be said that any party agreed to submit to class arbitration.  Rather, the parties only agreed to submit to individualized arbitration for disputes arising out of the Independent Contractor Agreements.

The Court should therefore require Plaintiffs to arbitrate their claims on an individual basis pursuant to the Independent Contractor Agreements.  To allow otherwise would "undermine the central benefits of arbitration," in contravention of the letter of the Agreements and the spirit of the FAA. *Id.* at 1417.

### D. The Matter Must Be Stayed While Arbitration Proceeds

Because Plaintiffs' claims are subject to arbitration, this case must be stayed pending conclusion of arbitration. *See* 9 U.S.C. § 3 (providing that the court "shall" stay the action "until such arbitration has been had in accordance with the terms of the agreement"); *see also, Concepcion*, 563 U.S. at 344 (FAA "requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'").

### IV. CONCLUSION

Plaintiffs each entered into a valid and binding agreement to arbitrate all disputes arising out of their work on the Yes on C Campaign.  All of Plaintiffs' claims are governed by these arbitration agreements.  The arbitration agreements do not provide any contractual basis for Plaintiffs to

proceed to arbitration on a class-wide basis.  The Court should therefore grant Defendants' motion to compel arbitration on an individualized basis and stay the proceedings in this Court.

Dated:  April 30, 2020	PRATHER LAW OFFICES


By: _/s/ Edwin K. Prather_____
        EDWIN K. PRATHER

Attorneys for Defendants
LONG YING INTERNATIONAL, INC. and
DAVID M. HO