GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
  jlipshutz@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant JUUL LABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA DE LA LUZ PEREZ BAUTISTA, LUZ PEREZ BAUTISTA and SALVADORA CORREA, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>JUUL LABS, INC., COALITION FOR REASONABLE VAPING REGULATION, LONG YING INTERNATIONAL, INC., DAVID M. HO, and DOES 1-10 inclusive,<br><br>       Defendants. | CASE NO. 4:20-cv-01613-HSG<br><br>**DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Hearing Date: June 25, 2020<br>Hearing Time: 2:00 p.m.<br>Hearing Place: Courtroom 2 – 4th Floor<br>Honorable Judge Haywood S. Gilliam, Jr.<br><br>Action Filed:     March 4, 2020<br><br>Trial Date:       None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 25, 2020, at 2:00 p.m., or as soon as the matter may be heard before the Honorable Haywood S. Gilliam, Jr., of the United States District Court for the Northern District of California, in the Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California 94612, Defendant JUUL Labs, Inc. ("JLI") will and hereby does move pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, for an order compelling arbitration on an individual basis of the claims of Plaintiffs Maria de la Luz Perez Bautista, Luz Perez Bautista, and Salvadora Correa and staying proceedings in this action.[1]  This Motion is brought on the grounds that Plaintiffs' claims against Defendants are subject to a valid and enforceable arbitration agreement that requires Plaintiffs to arbitrate their claims.  *See* 9 U.S.C. §§ 3–4.  Further, JLI joins in the Motion to Compel Arbitration and Stay Proceedings filed by Defendants Long Ying International, Inc. and David M. Ho. Dkt. 34.  In support of its Motion and joinder, JLI submits the following memorandum of points and authorities.

JLI's Motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, all documents on file in this action, all other matters of which the Court may take judicial notice, and any oral argument of counsel.

Dated:  April 30, 2020

GIBSON, DUNN & CRUTCHER LLP

By:  _____/s/ Joshua S. Lipshutz_____

Joshua S. Lipshutz

Attorneys for Defendant JUUL LABS, INC.

---

[1]  JLI recognizes that, per General Orders Nos. 72 and 73 and the Court's scheduling notes and orders, all civil law and motion matters will be submitted on the papers, in light of the evolving developments with COVID-19, unless otherwise ordered by the Court.

Gibson, Dunn &
Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................ 1

I.       INTRODUCTION ........................................................................................................... 1

II.      STATEMENT OF RELEVANT FACTS ........................................................................ 2

III.     ARGUMENT ................................................................................................................... 3

         A.       JLI May Enforce the Arbitration Agreement on the Grounds of Equitable
                  Estoppel ................................................................................................................ 3

         B.       JLI May Enforce the Arbitration Agreement as a Third-Party Beneficiary .................. 5

         C.       The Action Should Be Stayed Pending Arbitration .................................................... 6

IV.      CONCLUSION ................................................................................................................ 7

Gibson, Dunn &
Crutcher LLP

DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 4:20-CV-01613-HSG

1

# TABLE OF AUTHORITIES

2

Page(s)

3

4

**Cases**

5

*Adams v. Postmates, Inc.*,
414 F. Supp. 3d 1246 (N.D. Cal. 2019) ...................................................................................7

6

7

*Amisil Holdings, Ltd. v. Clarium Capital Mgmt. LLC*,
622 F. Supp. 2d 825 (N.D. Cal. 2007) ...............................................................................3, 5

8

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ...............................................................................................................7

9

10

*Boucher v. Alliance Title Co., Inc.*,
127 Cal. App. 4th 262 (Cal. Ct. App. 2005) ..........................................................................3

11

*Britton v. Co-Op Banking Grp.*,
916 F.2d 1405 (9th Cir. 1990) ...............................................................................................5

12

13

*Comer v. Micor, Inc.*,
436 F.3d 1098 (9th Cir. 2006)........................................................................................1, 2, 3

14

15

*Epic Sys. Corp. v. Lewis*,
138 S. Ct. 1612 (2018) ...........................................................................................................2

16

17

*Goldman v. KPMG, LLP*,
173 Cal. App. 4th 209 (2009) ................................................................................................4

18

*Harris v. Superior Court*,
188 Cal. App. 3d 475 (1986) ..................................................................................................5

19

20

*JSM Tuscany, LLC v. Superior Court*,
193 Cal. App. 4th 1222 (2011) ..............................................................................................4

21

22

*Lamps Plus, Inc. v. Varela*,
139 S. Ct. 1407 (2019) ...........................................................................................................2

23

*Laswell v. AG Seal Beach, LLC*,
189 Cal. App. 4th 1399 (2010)...............................................................................................5

24

25

*Leicht v. Bateman Eichler, Hill Richards, Inc.*,
848 F.2d 130 (9th Cir. 1988)..................................................................................................7

26

27

*Letizia v. Prudential Bache Securities, Inc.*,
802 F.2d 1185 (9th Cir. 1986)............................................................................................1, 2

28

*Mundi v. Union Sec. Life Ins. Co.*,
555 F.3d 1042 (9th Cir. 2009).............................................................................................3, 4

Gibson, Dunn &
Crutcher LLP

iii

*Philadelphia Indem. Ins. Co. v. SMG Holdings, Inc.*,
    44 Cal. App. 5th 834 (2019)........................................................................................6

*Rowe v. Exline*,
    153 Cal. App. 4th 1276 (2007).............................................................................4, 5

*Spinks v. Equity Residential Briarwood Apartments*,
    171 Cal. App. 4th 1004 (2009)................................................................................6

**Statutes**

9 U.S.C. § 2 ..................................................................................................................1

9 U.S.C. § 3 ...........................................................................................................1, 2, 7

9 U.S.C. § 4 ...............................................................................................................1, 3

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Maria de la Luz Perez Bautista, Luz Perez Bautista, and Salvadora Correa are former campaign workers who were hired by political consultant Defendant Long Ying International, Inc. ("Long Ying") to provide canvassing, phone banking, and administrative services as independent contractors supporting the Yes on C Campaign in San Francisco in 2019.  Plaintiffs agreed to resolve any disputes arising from this work through individual arbitration.  In breach of this agreement, Plaintiffs filed a putative class and collective action in federal court not only against Long Ying and its CEO, David M. Ho, but also against Long Ying's client, the Coalition for Reasonable Vaping Regulation ("CRVR" or the "Coalition"), as well as a separate corporation, JUUL Labs, Inc. ("JLI"), that made financial contributions to CRVR.  Plaintiffs allege that *all* of these Defendants are joint employers.  Compl. ¶ 16.  For the reasons set forth in the Motion to Compel Arbitration and Stay Proceedings filed by Long Ying and Mr. Ho (Dkt. 34), Plaintiffs should be compelled to arbitrate all causes of action asserted in the Complaint and this action should be stayed pending the completion of arbitration.  *See* 9 U.S.C. §§ 3–4.

Arbitration is proper because all of Plaintiffs' claims are subject to a binding arbitration agreement.  When Plaintiffs were hired by Long Ying to provide campaign canvassing services, they each signed an Independent Contractor Agreement ("ICA") in which they expressly agreed to resolve "[a]ll disputes over the terms of this Agreement . . . by arbitration before a mutually agreed-upon arbitrator."  Dkt. 35 (Declaration of David M. Ho), ¶ 4, Exs. A–C.  Because the arbitration agreement exists, and because Plaintiffs' claims are governed by the arbitration agreement, the Court should compel arbitration of the claims.  *See* 9 U.S.C. § 2.  That is what Defendants Long Ying and Mr. Ho have argued in their Motion to Compel Arbitration (Dkt. 34), and JLI joins and adopts that Motion in its entirety.

Further, although JLI is not a signatory to the ICA, federal and California law permit JLI to enforce the agreement to arbitrate.  It is well established that non-signatories can enforce an arbitration agreement against a signatory under ordinary contract and agency principles.  *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (citing *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d

DEFENDANT JUUL LABS, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION
CASE NO. 4:20-CV-01613-HSG

Gibson, Dunn & Crutcher LLP

1185, 1187–88 (9th Cir. 1986)).  Additionally, "nonsignatories can enforce arbitration agreements as third party beneficiaries."  *Comer*, 436 F.3d at 1101.  Allowing non-signatories to enforce arbitration agreements "is an outgrowth of the strong federal policy favoring arbitration."  *Letizia*, 802 F.2d at 1188.  Here, Plaintiffs' claims against JLI are properly compelled to arbitration under the doctrine of equitable estoppel and because Plaintiffs allege that JLI is a third-party beneficiary of the ICA.

As the U.S. Supreme Court recently reiterated, the Federal Arbitration Act ("FAA") requires courts to enforce arbitration agreements according to their terms.  *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415–19 (2019); *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018).  Accordingly, JLI respectfully requests that the Court compel Plaintiffs to arbitrate their claims on an individual basis and stay this action pending resolution of arbitration.  *See* 9 U.S.C. § 3.

## II.  STATEMENT OF RELEVANT FACTS

JLI hereby adopts and incorporates the statement of relevant facts set forth in Long Ying's and Mr. Ho's Motion to Compel Arbitration.  Dkt. 34.

JLI is a San Francisco-based company that designs, manufactures, and markets electronic nicotine delivery systems ("ENDS").  *See* Compl. ¶ 12.  CRVR is a nonprofit organization that was established and incorporated under California law to "advocate[e] for the enforcement of strong and coherent laws, regulations and policies which will prevent the use of e-cigarettes and other tobacco products by youth under the age of 21, while allowing adults the choice to continue purchasing these products in brick and mortar stores and online."  *See* Compl. ¶ 13; Dkt. 35 (Ho Decl.), ¶3, Ex. D.  JLI made contributions to CRVR in connection with the Yes on C Campaign, but is a separate corporate entity from CRVR.  *See* Compl. ¶ 13.  CRVR engaged Mr. Ho, a political consultant, and his company Long Ying, a San Francisco-based strategic consultancy, to provide campaign consulting and field management services in connection with the Yes on C Campaign.  *See* Compl. ¶¶ 14–15; Dkt. 35 (Ho Decl.), ¶ 2.

Plaintiffs allege that they were interviewed and hired by "the Coalition and/or Long Ying" as independent contractors to provide campaign canvassing services for CRVR.  Compl. ¶¶ 22–26.  Plaintiffs admit that, "[a]s part of the hiring process," they each signed and agreed to the ICA with Long Ying as an "independent contractor."  Compl. ¶¶ 25–26; Dkt. 35 (Ho Decl.), ¶ 4.  The ICA

provided that the "Consultant," Long Ying, "agrees to retain Contractor to provide the following services, and other related services reasonably requested by Consultant:  Coalition for Reasonable Vaping Regulation Campaign Canvassers." Dkt. 35 (Ho Decl.), Exs. A–C.  Plaintiffs allege they were hired by Long Ying to "perform canvassing and phone banking work" for CRVR and, by extension, JLI. Compl. ¶¶ 23–26.

Plaintiffs allege that "Defendants are each joint employers of Plaintiffs and the Campaign Workers, and Defendants are jointly and severally liable for violations of applicable San Francisco, California, and federal law."  Compl. ¶ 16.  Further, Plaintiffs allege that "[CRVR] and [JLI] are each other's alter egos and form a single enterprise."  *Id.* ¶ 13.

## III.    ARGUMENT

As set forth in Long Ying's and Mr. Ho's Motion to Compel Arbitration (Dkt. 34), the Court should compel Plaintiffs to arbitrate their claims on an individual basis.  *See* 9 U.S.C. § 4 (requiring courts to compel arbitration "in accordance with the terms of the agreement").  JLI hereby adopts and incorporates all of the arguments set forth in that Motion.  In addition, JLI explains below why it should be permitted to compel arbitration of Plaintiffs' claims as a non-signatory and alleged third-party beneficiary of the Long Ying ICA.

### A.    JLI May Enforce the Arbitration Agreement on the Grounds of Equitable Estoppel

Courts recognize a variety of situations in which non-signatories may move to compel arbitration based on the terms of an agreement to which they are not a party.  *See Amisil Holdings, Ltd. v. Clarium Capital Mgmt. LLC*, 622 F. Supp. 2d 825, 830–31 (N.D. Cal. 2007).  "General contract and agency principles apply in determining the enforcement of an arbitration agreement by or against nonsignatories."  *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009) (quoting *Comer*, 436 F.3d at 1101).  "Among these principles are: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel."  *Id.*  Here, Plaintiffs' claims against JLI must be compelled to arbitration under the doctrine of equitable estoppel.

"[U]nder both federal and California decisional authority, a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are 'intimately founded in and intertwined' with the underlying

contract obligations." *Boucher v. Alliance Title Co., Inc.*, 127 Cal. App. 4th 262, 271 (Cal. Ct. App. 2005) (citations omitted). "[A] signatory may be required to arbitrate a claim brought by a nonsignatory because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and the fact that the claims were intertwined with the underlying contractual obligations." *Mundi*, 555 F.3d at 1045 (internal quotation marks and citation omitted). "[T]he equitable estoppel doctrine applies when a party has signed an agreement to arbitrate but attempts to avoid arbitration by suing nonsignatory defendants for claims that are based on the same facts and are inherently inseparable from arbitrable claims against signatory defendants." *JSM Tuscany, LLC v. Superior Court*, 193 Cal. App. 4th 1222, 1238 (2011) (citations omitted). For the equitable estoppel doctrine to apply, "the claims plaintiff asserts against the nonsignatory must be dependent upon, or founded in and inextricably intertwined with, the underlying contractual obligations of the agreement containing the arbitration clause." *Id.* (quoting *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 218–19 (2009)).

This standard is met here. Plaintiffs seek damages predicated on allegations that they were not paid for all time worked, provided accurate wage statements, paid minimum wages, provided with meal and rest breaks, reimbursed for work-related expenditures, or paid all wages due upon separation. Compl. ¶¶ 65–113. As explained in more detail in Long Ying's and Mr. Ho's Motion to Compel Arbitration (Dkt. 34), all of Plaintiffs' claims relate to their work with Long Ying under the terms of the ICA, and therefore are inextricably intertwined with their underlying contractual obligations under the ICA. Plaintiffs and Long Ying expressly agreed in the ICA that "[a]ll disputes over the terms of [the ICA]"—including, but not limited to, "[c]ompensation" and Plaintiffs' classification as independent contractors—were to be resolved through arbitration. Dkt. 35 (Ho Decl.), ¶ 6, Exs. A–C. Plaintiffs' claims that rely upon, make reference to, or are intertwined with claims under the ICA are arbitrable. *See Rowe v. Exline*, 153 Cal. App. 4th 1276, 1287 (2007).

Further, Plaintiffs' allegations and claims against JLI and the other Defendants are inextricably intertwined. Plaintiffs allege, for example, that "[JLI] and/or [CRVR] hired David Ho and Long Ying to assist with 'campaign consulting and management services.'" Compl. ¶ 20. Plaintiffs assert the same nine claims and factual allegations against all four Defendants and contend

that all Defendants are "joint employers" that are "jointly and severally liable" for the allegations in the Complaint.  Compl. ¶ 16.  Indeed, Plaintiffs allege explicitly that JLI is the "alter ego" of CRVR. Compl. ¶ 16.  "Alter ego theory posits that the individual defendants are inseparable from the corporation and in legal effect are the corporation."  *Rowe*, 153 Cal. App. 4th at 1284.  The Complaint alleges, in effect, that Defendants are inseparable.

JLI denies that it is a joint employer of Plaintiffs, denies that it is liable for any of the claims Plaintiffs assert based on their work under the ICA, denies it is an alter ego of CRVR, and reserves all of its rights.  But the equitable estoppel theory is based on the "nature of the claims as a matter of law."  *Rowe*, 153 Cal. App. 4th at 1288 n.5, 1289 ("estoppel doctrine . . . turns upon the nexus between the contract and the causes of action asserted"); *see also Laswell v. AG Seal Beach, LLC*, 189 Cal. App. 4th 1399, 1407 (2010) (granting motion to compel arbitration by non-signatory because "the substance of [plaintiff's] allegations is that all of the defendants are responsible for the improper care that she received . . . , demonstrating her claims against all defendants are based on the same facts and theory and are inherently inseparable").  Because Plaintiffs allege that JLI, a non-signatory to the ICA, is a joint employer along with the signatory entity, Long Ying, they are equitably estopped from circumventing the arbitration provision in their agreements with Long Ying. *See Rowe*, 153 Cal. App. 4th at 1288 ("a plaintiff who seeks to hold nonsignatories liable for damages under a contract, by alleging they are unified with the signatory entity, cannot also adopt the inconsistent position that the arbitration provision in the contract is unenforceable by or against those individuals").  Plaintiffs' claims against all Defendants are inextricably intertwined, and equitable estoppel precludes Plaintiffs from seeking to pursue related claims against different Defendants in different forums.  *See Amisil Holdings*, 622 F. Supp. 2d at 842 (compelling arbitration under agency and estoppel theories and staying litigation).

**B.     JLI May Enforce the Arbitration Agreement as a Third-Party Beneficiary**

In addition, JLI is entitled to enforce the arbitration agreement between Plaintiffs and Long Ying because it is a third-party beneficiary of that agreement.  *Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1413 (9th Cir. 1990) (third-party beneficiary or an agent of one of the parties to a contract may have standing to compel arbitration); *Harris v. Superior Court*, 188 Cal. App. 3d 475, 478 (1986)

("It is well established that a non-signatory beneficiary of an arbitration clause is entitled to require arbitration."). "Under the third party beneficiary theory, a nonsignatory may be compelled to arbitrate where the nonsignatory is a third party beneficiary of the contract." *Philadelphia Indem. Ins. Co. v. SMG Holdings, Inc.*, 44 Cal. App. 5th 834, 841 (2019) (citations omitted). "Whether a nonsignatory is an intended third party beneficiary to the contract is determined from the parties' intent, as gleaned from the contract as a whole and the circumstances under which it arose." *Id.* (citations omitted). Under California law, "[t]he test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract." *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1022 (2009) (citation omitted). "A third party may enforce a contract where he shows that he is a member of a class of persons for whose benefit it was made." *Id.* at 1023 (citation omitted).

Here, according to the Complaint, JLI is a third-party beneficiary of the ICA between Plaintiffs and Long Ying. *First*, the ICA explicitly states that CRVR is a third-party beneficiary of the ICA. The terms of the ICA indicate under "Duties of Contractor," the first enumerated provision, that Plaintiffs were engaged by Long Ying to provide services as "Coalition for Reasonable Vaping Regulation Campaign Canvassers." Dkt. 35 (Ho Decl.), Exs. A–C. Thus, the plain language of the ICA indicates that Plaintiffs' duties were expressly for the benefit of CRVR. *Second*, there is evidence that Long Ying, the contracting party in the ICA, was created to serve the consulting needs of CRVR. *Id. Third*, the Complaint alleges that "[CRVR] and [JLI] are each other's alter egos and form a single enterprise." Compl. ¶ 13. In other words, Plaintiffs contend that CRVR and JLI are one and the same (though JLI denies and rejects this assertion). Thus, because CRVR is a clear third-party beneficiary of the ICA, and JLI is alleged to be an alter ego of CRVR, JLI is an alleged third-party beneficiary of the ICA. Accordingly, Plaintiffs must arbitrate their disputes with JLI.

## C.      The Action Should Be Stayed Pending Arbitration

Even if the Court determined that JLI could not enforce the arbitration agreement contained within the ICA as a non-signatory or third-party beneficiary, Plaintiffs' claims against JLI still must be stayed pending arbitration of the claims against the other Defendants. "Where a district court determines that a dispute is subject to arbitration under a written agreement, the court shall on

1    application of one of the parties stay the trial of the action until such arbitration has been had in

2    accordance with the terms of the agreement."  *Adams v. Postmates, Inc.*, 414 F. Supp. 3d 1246, 1251

3    (N.D. Cal. 2019) (citing 9 U.S.C. § 3); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344

4    (2011) (FAA "requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in

5    accordance with the terms of the agreement'"); *Leicht v. Bateman Eichler, Hill Richards, Inc.*, 848 F.2d

6    130, 133 (9th Cir. 1988) (same).

7    ## IV.    CONCLUSION

8          For all the foregoing reasons, and for the reasons set forth in Long Ying's and Mr. Ho's Motion

9    (Dkt. 34), JLI respectfully requests that the Court enter an order compelling Plaintiffs to arbitrate their

10   claims against Defendants and stay all further judicial proceedings in this action pending the

11   completion of arbitration.

12

13   Dated:  April 30, 2020                    GIBSON, DUNN & CRUTCHER LLP

14

15                                             By:          */s/ Joshua S. Lipshutz*
                                                           Joshua S. Lipshutz
16
                                               Attorneys for Defendant JUUL LABS, INC.
17

18

19

20

21

22

23

24

25

26

27

28