EILEEN R. RIDLEY, CA Bar No. 151735
    eridley@foley.com
JASON Y. WU, CA Bar No. 313368
    jwu@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:  415.434.4507

KALEB N. BERHE, CA Bar No. 302080
    kberhe@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Defendant JUUL LABS,
INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LA LUZ BAUTISTA-PEREZ, LUZ PEREZ BAUTISTA and SALVADORA CORREA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> JUUL LABS, INC., COALITION FOR REASONABLE VAPING REGULATION, LONG YING INTERNATIONAL, INC., DAVID M. HO, and DOES 1-10 inclusive, <br><br> Defendants. | Case No. 4:20-cv-01613-HSG <br><br> **DEFENDANT JUUL LABS, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Hon. Haywood S. Gilliam, Jr. <br> Action Filed: March 4, 2020 <br> FAC Filed: September 9, 2020 <br> Trial Date: None Set |

Defendant Juul Labs, Inc. ("Defendant"), by and through its undersigned attorneys hereby provides the following Answer and Affirmative Defenses in response to the Second Amended Complaint ("SAC") filed by Plaintiffs Maria de la Luz Bautista-Perez, Luz Perez Bautista, and Salvadora Correa ("Plaintiffs") as follows:

## I. INTRODUCTION

1. Defendant admits that Plaintiffs purport to bring a class action and a representative action for state and local wage and hour claims. Defendant denies the remaining allegations in paragraph 1 of the SAC.

2. Defendant admits that Plaintiff Maria Bautista-Perez purports to bring a collective action for federal overtime pay under the Fair Labor Standards Act ("FLSA"). Defendant denies the remaining allegations in paragraph 2 of the SAC.

3. Defendant denies the allegations in paragraph 3 of the SAC.

4. The allegations in paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4 of the SAC.

5. Defendant denies the allegations in paragraph 5 of the SAC.

6. Defendant denies the allegations in paragraph 6 of the SAC.

7. Defendant denies the allegations in paragraph 7 of the SAC.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 8 of the SAC.

9. Defendant denies the allegations in paragraph 9 of the SAC.

## II. JURISDICTION

10. Defendant admits this Court has jurisdiction over the federal law claims in the SAC.

11. Defendant admits this Court has jurisdiction over the state and local law claims in the SAC.

## III. VENUE AND INTRADISTRICT ASSIGNMENT

12. Defendant admits that venue is proper.

## IV. PARTIES

### A. PLAINTIFFS

13. The allegations in paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information and therefore denies the allegations in paragraph 13 of the SAC.

14. The allegations in paragraph 14 state legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information and therefore denies the allegations in paragraph 14 of the SAC.

15. The allegations in paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information and therefore denies the allegations in paragraph 15 of the SAC.

**B. DEFENDANTS**

16. Defendant admits that it is a manufacturer of Electronic Nicotine Delivery Systems ("ENDS"). Defendant admits that it is a corporation formed in Delaware with its principal place of business in Washington, D.C. The remaining allegations in paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 16 of the SAC.

17. Defendant admits that the Coalition for Reasonable Vaping Regulation ("CRVR") is a domestic nonprofit that was formed on July 3, 2019 and applied for tax exempt status on July 9, 2019. The allegation in paragraph 17(d) states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the SAC and therefore denies the same.

18. The allegations in paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 18 of the SAC.

19. The allegation in paragraph 19(d) states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies this allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the SAC and therefore denies the same.

20. The allegation in paragraph 20(c) states a legal conclusion to which no response is

DEFENDANT'S ANSWER TO SAC
Case No. 4:20-cv-01613-HSG

required. To the extent a response is required, Defendant denies this allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the SAC and therefore denies the same.

21. The allegations in paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 21 of the SAC.

22. The allegations in paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 22 of the SAC.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the SAC and therefore denies the same.

## V. STATEMENT OF FACTS[1]

### A. Juul Countered San Francisco's Efforts to Ban the Sale of Vaping Products, Culminating in Sponsoring Proposition C.

24. Defendant denies the allegation that proposed changes in law would have resulted in a complete prohibition of ENDS. Defendant admits the remaining allegations in paragraph 24 of the SAC.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the dates and frequency of conversations between Chris Gruwell and city officials and conversations between Mark Mosher and Mr. Herrera. Defendant admits the remaining allegations in paragraph 25 of the SAC.

26. Defendant denies the allegation that it hired David Ho, Whitehurst Mosher, Nate Albee, Fabrizio Ward, LLC, or DCI Group AZ, Inc. ("DCI") in preparation for a ballot measure in April 2019. Defendant admits that it retained David Ho, Whitehurst Mosher, Nate Albee, Fabrizio Ward, LLC, and DCI as independent consultants in or around April 2019.

27. Defendant admits the allegations in paragraph 27 of the SAC.

28. Paragraph 28 contains Plaintiffs' description of a document which speaks for itself therefore no response is required.

---

[1] Defendant has included the headings and sub-headings listed in the SAC simply to assist the Court in reading the pleadings but does not admit the accuracy of those headings to the extent they can be construed as asserting allegations of fact or legal conclusions.

DEFENDANT'S ANSWER TO SAC
Case No. 4:20-cv-01613-HSG

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the SAC and therefore denies the same.

30.     Defendant admits that Jennifer Hochstatter made a trip to City Hall in or about May 2019 to submit paperwork necessary for a ballot initiative to repeal a ban on the sale of ENDS in San Francisco with the assistance of an attorney.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the SAC and therefore denies the same.

**B.      Juul Created a Fictitious "Coalition" For Its Efforts to Prevent the Passage of the Ordinance.**

31.     Defendant denies the allegations in paragraph 31 of the SAC.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the SAC and therefore denies the same.

33.     Paragraph 33 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required.  The remaining allegations in paragraph 33 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 33 of the SAC.

34.     Paragraph 34 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required.

35.     Defendant denies that it "hired" DCI and David Ho to oppose "passage of the ordinance." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the SAC and therefore denies the same.

**C.      In late May, Juul Became a Committee Under California Election Law and Began Gathering Signatures for Its Proposition.**

36.     Defendant denies the allegation that it circulated a petition titled "Act to Prevent Youth Use of Vapor Products."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the SAC and therefore denies the same.

37.     Defendant admits that a Statement of Organization was filed by Jim Sutton on July 3, 2019.  The remaining allegations in paragraph 37 state legal conclusions to which no response is

required. To the extent a response is required, Defendant denies the allegations in paragraph 37 of the SAC.

38. Defendant admits that it issued a loan to CRVR in the amount of $500,000 on or about May 31, 2019. The remaining allegations in paragraph 38 consist of Plaintiffs' description of a document which speaks for itself and to which no response is required.

39. Plaintiffs' allegations regarding sponsors listed in the unspecified "June 3, 2019 filing" consist of Plaintiffs' description of a document which speaks for itself and to which no response is required. To the extent the allegations in paragraph 39 seek to paraphrase or characterize the contents of that written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with that document. The remaining allegations in paragraph 39 state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 39 of the SAC.

40. The allegation in paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 40 of the SAC.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the SAC and therefore denies the same.

42. Paragraph 42 contains Plaintiffs' description of a document which speaks for itself therefore no response is required.

43. Paragraph 43 contains Plaintiffs' description of a document which speaks for itself and to which no response is required. Paragraph 43 also contains a citation to a California statute which speaks for itself and to which no response is required

44. Paragraph 44 contains Plaintiffs' description of a document and website, both of which speak for themselves therefore no response is required.

**D. Prior to the Coalition's Formation as a Legal Entity, Juul Hired the Campaign Staff that Would Eventually Supervise the Campaign Workers.**

45. Defendant admits that it retained consultants, including Mr. Ho, Whitehurst Mosher, and Mr. Albee prior to the campaign. Defendant denies the remaining allegations in paragraph 45 of the SAC.

46.     Defendant denies the allegation that it hired Whitehurst Mosher as a consultant for the Campaign on or around June 3, 2019.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the SAC and therefore denies the same.

47.     Paragraph 47 contains Plaintiffs' description of a document which speaks for itself and to which no response is required.  Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the SAC and therefore denies the same.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the SAC and therefore denies the same.

49.     Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the SAC and therefore denies the same.

50.     Plaintiffs' allegation regarding the status of CRVR as a separate legal entity is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies this allegation.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the SAC and therefore denies the same.

51.     Paragraph 51 contains a quote from a document which speaks for itself and to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the SAC and therefore denies the same.

52.     Paragraph 52 contains a series of quotes from documents which speak for themselves therefore no response is required.  Further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the SAC and therefore denies the same.

**E.      Juul Started Developing Core Campaign Strategy With Its Hired Consultants In June 2019.**

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the SAC and therefore denies the same.

54.     Defendant admits Ms. Hochstatter was represented by counsel in matters related to the Campaign.  Defendant admits the remaining allegations in paragraph 54 of the SAC.

DEFENDANT'S ANSWER TO SAC
Case No. 4:20-cv-01613-HSG

55. Defendant denies the allegation that Mr. Sillin was tasked with providing a "Juul Government Relations Update" on strategy calls hosted by Whitehouse Mosher. Defendant admits that Mr. Kwong was tasked with providing an update on media-related issues on the strategy calls but denies the allegation that Mr. Kwong was tasked with providing an "Earned Media/Communications Update." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the SAC and therefore denies the same.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the SAC and therefore denies the same.

57. Defendant denies the allegation that Mr. Sutton submitted signatures on behalf of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of the SAC and therefore denies the same.

**F.      After the Coalition was Incorporated, It Failed to Comply with Required Corporate Formalities and Made a Number of Misstatements to The Internal Revenue Service When Applying for Nonprofit Status.**

58. Defendant admits the allegations in paragraph 58 of the SAC.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the SAC and therefore denies the same.

60. Paragraph 60 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required. To the extent the allegations in paragraph 60 seek to paraphrase or characterize the contents of that written document, the document speaks for itself and Defendant denies the allegations to the extent they are inconsistent with that document. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies the same.

61. Paragraph 61 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore denies the same.

62. Paragraph 62 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required. Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in paragraph 62 and therefore denies the same.

63.    Paragraph 63 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 63.

64.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies the same.

65.    Paragraph 65 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required.

66.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the SAC and therefore denies the same.

67.    Defendant admits that Jon Berrier was an officer for CRVR.  Defendant further admits that Jon Berrier was and still is the Senior Director of State Government Affairs for Defendant. Defendant denies the remaining allegations in paragraph 67 of the SAC.

68.    Defendant admits that Tait Campbell and Ryan Hanretty were also officers for CRVR. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 of the SAC and therefore denies the same.

**G.    Juul Provided the Near Exclusive Funding for the Campaign Committee.**

69.    Defendant denies the allegations in paragraph 69 of the SAC.

70.    Defendant admits the allegations in paragraph 70 of the SAC.

71.    Paragraph 71 consists of Plaintiffs' description of a publicly filed document which speaks for itself and to which no response is required.

72.    Paragraph 72 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the SAC and therefore denies the same.

73.    Paragraph 72 consists of Plaintiffs' description of documents which speaks for themselves and to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the SAC and therefore denies the same.

74.    Defendant does not have knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 74 of the SAC.

75. Defendant admits that its finances were maintained separately from CRVR's finances and that CRVR has not repaid all of the loans provided by Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75 of the SAC and therefore denies the same.

**H. Juul Continued to Have Operational Control over the Campaign Even After the Coalition Was Incorporated.**

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the terminology used by individuals from Whitehurst Mosher and Long Ying and therefore denies the same. Defendant denies the remaining allegations in paragraph 76 of the SAC.

77. Defendant admits that Mr. Sillin was aware of the Campaign's spending. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 of the SAC and therefore denies the same.

78. Paragraph 78 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the SAC and therefore denies the same.

79. Defendant admits the allegations in paragraph 79 of the SAC.

80. Paragraph 80 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required.

81. Defendant denies that it made direct payments to consultants engaged by CRVR for work on the Campaign. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 of the SAC and therefore denies the same.

**I. From July through September 2019, the Long Ying Defendant and the Coalition Hired Plaintiffs and Other Campaign Workers to Work on the Campaign.**

82. Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore denies the same.

DEFENDANT'S ANSWER TO SAC
Case No. 4:20-cv-01613-HSG

83.     Defendant admits the allegations in paragraph 83 of the SAC.

84.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and therefore denies the same.

85.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore denies the same.

86.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 and therefore denies the same.

87.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 and therefore denies the same.

88.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members.  Defendant admits on information and belief that Long Ying retained Plaintiffs and the putative class members as independent contractors.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 and therefore denies the same.

89.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members.  Defendant admits on information and belief that Long Ying retained Plaintiffs and the putative class members as independent contractors.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and therefore denies the same.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies the same.

**J.      Campaign Workers, Including Plaintiffs, Worked Under the Supervision of Staff Hired by A Number of Entities Affiliated with the Campaign, including the Coalition, Long Ying, and S2 Partners, Were Required to Follow Policies Set Forth by the Coalition and**

**Juul.**

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies the same.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies the same.

93.     Defendant denies the allegation that leads and administrators reported directly or indirectly to Mr. Sillin.  Defendant denies the allegation that Mr. Ho reported to Mr. Sillin.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies the same.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies the same.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies the same.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies the same.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies the same.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies the same.

100.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies the same.

101.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies the same.

102.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies the same.

103.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 103 and therefore denies the same.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies the same.

105.    Defendant admits that a "lit drop" is defined as the distribution of literature.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 and therefore denies the same.

106.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies the same.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies the same.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies the same.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies the same.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies the same.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies the same.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies the same.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies the same.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies the same.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies the same.

**K.      Some Campaign Workers Hired Through Staffing Agencies Were Acknowledged Employees and Worked the Same Job as the "Independent Contractor" Campaign Worker**

at Issue Here.

116.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies the same.

117.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies the same.

118.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies the same.

119.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies the same.

120.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies the same.

121.   Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the SAC.

122.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies the same.

123.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies the same.

**L.     Throughout the Campaign, Juul, through its Representative Nathaniel Sillin, Maintained Control over Campaign Workers' Wages, Hours, and Working Conditions.**

124.   Defendant denies the allegation that Mr. Sillin coordinated the field campaign. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies the same.

125.   Defendant denies the allegations in paragraph 125 of the SAC.

126.   Defendant denies the allegation that Mr. Sillin had control over the Campaign Workers' working conditions.  The remaining allegations in paragraph 126 consist of Plaintiffs' description of a document which speaks for itself and for which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "other" unspecified discussions regarding scripts used by Campaign Workers and therefore denies the same.

127.     Defendant denies the allegation that Mr. Sillin had control over the scripts Campaign Workers used on the job.     The remaining allegations in paragraph 127 consist of Plaintiffs' description of a document which speaks for itself and for which no response is required.   To the extent a response is required, Defendant denies the allegation.

128.     Defendant denies the allegation that Mr. Sillin had control over how many Campaign Workers were hired.  To the extent a response is required, Defendant denies the allegation.  The remaining allegations in paragraph 128 consist of Plaintiffs' description of a document which speaks for itself and for which no response is required.

129.     Defendant denies the allegation that Mr. Sillin had control over the compensation paid to Campaign Workers.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation that Whitehurst Mosher had control over the compensation paid to Campaign Workers and therefore denies the same.  The remaining allegations in paragraph 129 consist of Plaintiffs' description of documents which speak for themselves and for which no response is required.

130.     Defendant denies the allegation that Mr. Sillin had control over the supervision of Campaign Workers and allocation of staff on the Campaign.  The remaining allegations in paragraph 130 consist of Plaintiffs' description of a document which speaks for itself and for which no response is required.

131.     Defendant denies the allegation that Mr. Sillin had control over the Campaign Workers' hours.  The remaining allegations in paragraph 131 consist of Plaintiffs' description of a document which speaks for itself and for which no response is required.

132.     Defendant denies the allegation that Mr. Sillin had control over whether to discharge Campaign Workers.  The remaining allegations in paragraph 132 consist of Plaintiffs' description of a document which speaks for itself and for which no response is required.

133.     Defendant denies the allegation in paragraph 133 of the SAC regarding Mr. Sillin reporting to and seeking approval from Defendant's CEO.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 133 of the SAC and therefore denies the same.

134.     Defendant denies the allegation that CRVR was merely a shell for Defendant.  Defendant

does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 of the SAC and therefore denies the same.

**M.  Most Campaign Workers Were Discharged in Late September or Early October After Juul Decided to Suspend the Campaign.**

135.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the SAC and therefore denies the same.

136.  Defendant admits the allegations in paragraph 136 of the SAC.

137.  Defendant denies the allegations in paragraph 137 of the SAC.

138.  Defendant denies the allegations that Mr. Sillin emphasized any language in his communication to Mr. Albee.  Defendant admits the remaining allegations in paragraph 138 of the SAC.

139.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the SAC and therefore denies the same.

140.  Plaintiffs' allegations regarding "administrative and clerical tasks" are legal conclusions to which no response is required.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140 of the SAC and therefore denies the same.

141.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the SAC and therefore denies the same.

**VI.  CLASS ACTION ALLEGATIONS**

142.  Defendant admits that Plaintiffs bring claims for violations of federal, state, and local wage and hour laws and seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The remaining allegations in Paragraph 142 consist of legal conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 142.

143.  Paragraph 143 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 143.

144.  Paragraph 144 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 144.

145. Paragraph 145 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 145

146. Paragraph 146 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 146.

147. Paragraph 147 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 147.

148. Paragraph 148 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 148.

## VII.   COLLECTIVE ACTION ALLEGATIONS

149. Defendant admits that Plaintiff Maria Bautista-Perez brings claims under the FLSA as a collective action under 29 U.S.C. § 216(b). The remaining allegations in Paragraph 149 consist of legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 149.

150. Paragraph 150 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 150.

151. Paragraph 151 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 151.

152. Defendant denies the allegations in paragraph 152 as they pertain to Defendant and denies that Plaintiff is entitled to any contact information of putative collective action members.

## VIII.   CLAIMS

### FIRST CLAIM

### Failure To Pay Full Wages Owed Promptly At Separation

### Calif. Labor Code §§ 201, 203, & 2810.3

### (ON BEHALF OF PLAINTIFFS, CLASS AND SUBCLASS)

153. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

154. This paragraph describes California Labor Code § 201 and § 203, statutory provisions that speaks for themselves, and contains allegations that constitute conclusions of law, to which no

response is required. To the extent a response is required, Defendant denies the allegation that it violated California Labor Code § 201 and § 203.

155. Defendant denies the allegations in paragraph 155 of the SAC.

156. Defendant denies the allegations in paragraph 156 of the SAC.

157. Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 157 of the SAC.

**SECOND CLAIM**

**Failure To Furnish Accurate Wage Statements**

**Calif. Labor Code § 226**

**(ON BEHALF OF PLAINTIFFS AND CLASS)**

158. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

159. This paragraph describes California Labor Code § 226(e), a statutory provision that speaks for itself, and contains allegations that constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies that it violated California Labor Code § 226.

160. Defendant denies the allegations in paragraph 160 of the SAC.

161. Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 161 of the SAC.

**THIRD CLAIM**

**Failure To Pay California Minimum Wage**

**Calif. 1182.11, 1182.12, 1194, 1194.2, 1197, & 2810.3,**

**Calif. IWC Wage Order No. 4 § 4, & Minimum Wage Order**

**(ON BEHALF OF PLAINTIFFS AND SUBCLASS)**

162. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

163. This paragraph describes California Labor Code §§ 1182.11, 1182.12, 1194, and 1197, California IWC Wage Order No. 4, §4, and the California Minimum Wage Order, statutory and

regulatory provisions that speaks for themselves, and no response is required. Defendant denies that it violated these Labor Code section and Wage Orders.

164. This paragraph describes California Labor Code § 1194, a statutory provision that speaks for itself, and no response is required.

165. This paragraph describes California Labor Code § 1194.2, a statutory provision that speaks for itself, and no response is required.

166. This paragraph describes California Labor Code § 1197.1, a statutory provision that speaks for itself, and no response is required.

167. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 167 of the SAC and therefore denies the same.

168. Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 168 of the SAC.

**FOURTH CLAIM**

**Failure To Pay San Francisco Minimum Wage,**

**San Fran. Admin. Code § 12r.4 & Labor Code 2810.3**

**(ON BEHALF OF PLAINTIFFS AND SUBCLASS)**

169. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

170. This paragraph describes San Francisco Administrative Code § 12.R4, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated San Francisco Administrative Code § 12.R4.

171. This paragraph describes San Francisco Administrative Code § 12.R3, a statutory provision that speaks for itself, and no response is required.

172. This paragraph describes San Francisco Administrative Code § 12.R7, a statutory provision that speaks for itself, and no response is required.

173. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 173 of the SAC and therefore denies the same.

174. Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged

in paragraph 174 of the SAC.

## FIFTH CLAIM

### Failure To Pay Overtime Wages

### Calif. Labor Code §§ 510, 1194, 2810.3

### & IWC Wage Order No. 4 § 3

### (ON BEHALF OF PLAINTIFF AND WORK RELATED TRAVEL SUBCLASS)

175. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

176. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the SAC and therefore denies the same.

177. Paragraph 177 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 177.

178. Paragraph 178 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 178.

179. Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 179 of the SAC.

## SIXTH CLAIM

### Failure To Reimburse For Necessary Business

### Expenses Calif. Labor Code § 2802

### (ON BEHALF OF PLAINTIFFS AND SUBCLASS)

180. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

181. This paragraph describes California Labor Code § 2802, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated California Labor Code § 2802.

182. Defendant denies the allegations in paragraph 182 of the SAC.

183. Defendant admits that Plaintiffs seek to certify various classes and seek unreimbursed expenses, interest, costs incurred, attorneys' fees, and other relief. Defendant denies any class certification is appropriate and deny that Plaintiffs and putative class members are entitled to any of the

relief sought.

**SEVENTH CLAIM**

**Failure To Provide Meal Periods Calif.**

**Labor Code §§ 226.7, 512, 2810.3 & Iwc Wage Order No. 4 § 11**

**(ON BEHALF OF PLAINTIFFS AND SUBCLASS)**

184. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

185. This paragraph describes California Labor Code §§ 226.7, 512, and California IWC Wage Order No. 4, §11, statutory and regulatory provisions that speaks for themselves, and no response is required. Defendant denies that it violated California Labor Code §§ 226.7, 512, and California IWC Wage Order No. 4, §11.

186. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 of the SAC and therefore denies the same.

187. Defendant admits that Plaintiffs seek to certify various classes and seek premium pay for missed meal periods, interest, and such other legal and equitable relief. Defendant denies any class certification is appropriate and deny that Plaintiffs and putative class members are entitled to any of the relief sought.

**EIGHTH CLAIM**

**Violations Of Unfair Competition Law Calif. Bus.**

**& Prof. Code § 17200 Et Seq.**

**(ON BEHALF OF PLAINTIFFS, CLASS, AND SUBCLASS)**

188. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

189. This paragraph describes California Business and Professions Code § 17200, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated California Business and Professions Code § 17200.

190. This paragraph describes California Business and Professions Code § 17204, a statutory provision that speaks for itself, and no response is required.

DEFENDANT'S ANSWER TO SAC
Case No. 4:20-cv-01613-HSG

191. Paragraph 191 consists of several legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 191.

192. Paragraph 192 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 192.

193. Paragraph 193 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 193.

194. Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 194 of the SAC.

195. Defendant admits that Plaintiffs seek attorneys' fees under California Code of Civil Procedure § 1021.5. Defendant denies any liability under California Business and Professions Code § 17200 et seq., and, therefore, attorneys' fees under California Code of Civil Procedure § 1021.5 are not recoverable.

196. Defendant admits that Plaintiffs seek relief as described in Plaintiffs' Second Amended Complaint. Defendant denies that Plaintiffs and putative class members are entitled to any relief requested.

**NINTH CLAIM**

**Failure To Pay Overtime Wages under FLSA, 29 U.S.C. § 201 Et Seq.**

**(ON BEHALF OF PLAINTIFF MARIA BAUTISTA-PEREZ**

**AND FLSA COLLECTIVE ACTION MEMBERS)**

197. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

198. This paragraph describes 29 U.S.C. § 207, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated 29 U.S.C. § 201 et seq.

199. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the SAC and therefore denies the same.

200. Paragraph 200 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 200.

201.     Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 201 of the SAC.

**TENTH CLAIM**

**Liability For Civil Penalties Under PAGA**

**Cal. Labor Code §§ 2698 Et Seq.**

**(ON BEHALF OF PLAINTIFFS AND STATE OF CALIFORNIA)**

202.     This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

203.     This paragraph describes California Labor Code § 2699, a statutory provision that speaks for itself, and no response is required.  Defendant denies that it violated the California Labor Code.

204.     Paragraph 204 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that it violated the California Labor Code.

205.     Paragraph 205 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 205.

206.     Paragraph 206 consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 206.

207.     Defendant admits that Plaintiff served Defendant with a written notice of their intent to seek PAGA penalties.  Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation that the Labor and Workforce Development Agency ("LWDA") did not issue notice of its intention to pursue civil penalties.  The remaining allegations in paragraph 207 describes California Labor Code § 2699, a statutory provision that speaks for itself, and no response is required.  Defendant denies that Plaintiff properly exhausted its administrative remedies and further denies that it violated the California Labor Code.

208.     Defendant admits that Plaintiffs request relief.  Defendant denies that Plaintiffs and putative class members are entitled to any relief requested.

**<u>AFFIRMATIVE DEFENSES</u>**

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The SAC fails to state a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (No Employment)

2.      The claims of Plaintiffs and/or the putative class/collective members are barred because Defendant did not employ Plaintiffs and/or the putative class/collective members, such that Defendant had no legal duty or obligation with respect to the matters complained of in the SAC.

## THIRD AFFIRMATIVE DEFENSE

### (No Wages, Compensation, or Reimbursement Owed)

3.      The claims of Plaintiffs and/or the putative class/collective members are barred because Plaintiffs and/or the putative class/collective members have been paid and/or received all wages, compensation, and reimbursement due to them.

## FOURTH AFFIRMATIVE DEFENSE

### (No Violation of Law)

4.      The claims of Plaintiffs and/or the putative class/collective members are barred because Defendant did not violate any law in connection with the allegations of the SAC, and Defendant acted at all times with good faith and in compliance with controlling applicable laws and regulations.

## FIFTH AFFIRMATIVE DEFENSE

### (No Alter Ego Liability)

5.      The claims of Plaintiffs and/or the putative class/collective members are barred because Defendant is not an alter ego of any entity that may be found liable for the matters complained of in the SAC.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damages, Harm, or Injury)

6.      The claims of Plaintiffs and/or the putative class/collective members are barred because Plaintiffs and/or the putative class/collective members suffered no damages, harm, or injury with respect to the allegations of the SAC.

DEFENDANT'S ANSWER TO SAC
Case No. 4:20-cv-01613-HSG

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

7. The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part because Plaintiffs and/or the putative class/collective members lack standing to assert such claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Expenses Not Reimbursable)

8. The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part to the extent the expenses alleged in the SAC are not reimbursable.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies)

9. The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part to the extent they failed to exhaust administrative, statutory, or contractual remedies available to them.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Follow Administrative Requirements)

10. The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part to the extent they failed to follow administrative requirements and prerequisites to relief, including any applicable notice requirements under the Private Attorneys General Act.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11. The claims of Plaintiffs and/or the putative class/collective members are barred under the equitable doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

12. The claims of Plaintiffs and/or the putative class/collective members are barred under the equitable doctrines of waiver and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Relief Unavailable)

13. The claims of Plaintiffs and/or the putative class/collective members are barred to the extent they seek relief unavailable under the causes of action asserted, including monetary relief under California's Unfair Competition Law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

14. The claims of Plaintiffs and/or the putative class/collective members are barred by Plaintiffs' and/or the putative class members' failure, refusal, and/or neglect to mitigate or avoid the damages complained of in the SAC, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15. The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part because any recovery must be offset or reduced by any benefits and/or other monies they have received.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

16. The claims of Plaintiffs and/or the putative class/collective members are barred to the extent that any award in this action is speculative, uncertain, or would constitute unjust enrichment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Multiple Recovery Precluded)

17. The claims of Plaintiffs and/or the putative class/collective members are barred to the extent that any award in this action results in multiple recovery for the same alleged wrong or wrongs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (De Minimis Time)

18. The claims of Plaintiffs and/or the putative class/collective members are barred to the extent that any alleged unpaid time was non-compensable in that it was *de minimis* or without Defendant's knowledge or authorization.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent)

19.     The claims of Plaintiffs and/or the putative class/collective members claims are barred, in whole or in part, because Plaintiffs and/or the putative class/collective members consented to the conduct about which they now complain.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Indemnity/Contribution)

20.     The claims of Plaintiffs and/or the putative class/collective members claims are barred, in whole or in part, to the extent that Defendant is entitled to full or partial indemnity and/or contribution from such other individuals or entities (including, without limitation, non-parties) as are found to have proximately caused the injuries and/or damages claimed in the SAC and/or who expressly, equitably, or impliedly agreed to indemnify, defend, or hold harmless Defendant from damages or liabilities such as those claimed in the SAC.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Subrogation/Contribution)

21.     Defendant asserts and alleges that to the extent it is found liable for any claims or damages alleged in the SAC, all other individuals and entities liable in whole or in part for the matters complained of are equitably obligated to contribute to all or a portion of any sum sought by and awarded to Plaintiffs and/or the putative class/collective members, regardless of whether such other individuals or entities are parties to this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations and Repose)

22.     The claims of Plaintiffs and/or the putative class/collective members are barred by the applicable statutes of limitations and repose.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

23.     The claims of Plaintiffs and/or the putative class/collective members are barred by the doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

24. The claims of Plaintiffs and the putative class/collective members are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Defense)

25. The claims of Plaintiffs and the putative class/collective members are barred because, without admitting that any violation took place, any violation of the Federal Labor Standards Act, California Labor Code, a Wage Order of the Industrial Welfare Commission, or the San Francisco Administrative Code was an act or omission made in good faith, and in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the Federal Labor Standards Act, California Labor Code, any Wage Order of the Industrial Welfare Commission, or the San Francisco Administrative Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

26. Plaintiffs and the putative class/collective members were treated fairly and in good faith, and all actions taken with regard to them were taken for lawful business reasons and in good faith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Failure to Pay)

27. Assuming, *arguendo*, that Plaintiffs and the putative class/collective members are entitled to additional compensation, Defendant have not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and the putative class/collective members, to justify any awards of penalties or fees.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Must Comport with Due Process)

28. To the extent that Plaintiffs claim penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and subsequent case law regarding the same issue.

DEFENDANT'S ANSWER TO SAC
Case No. 4:20-cv-01613-HSG

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Fines and Penalties Excessive)

29.      The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part on the grounds that the fines or penalties sought under the SAC are excessive.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Unfair Business Practices)

30.      Defendant's business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code sections 17200 *et seq.*

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

31.      The claims of Plaintiffs and the putative class/collective members are barred because they are subject to contractual arbitration.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

32.      The SAC fails to properly state a claim for attorney's fees.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Class/Collective Action Cannot Be Maintained)

33.      This suit may not be properly maintained as a class or collective action because: (1) Plaintiffs have failed to plead, and cannot establish the necessary procedural elements for class treatment; (2) the putative class is not so numerous that joinder of all members is impracticable; (3) there are no questions of law or fact common to the class; (4) Plaintiffs' claims are not representative or typical of the claims of the putative class; (5) Plaintiffs cannot fairly and adequately protect the interests of the class or are otherwise not adequate class representatives; (6) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the SAC; (7) individual questions of fact and law predominate; (8) Plaintiffs cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (9) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class; and (10) the alleged putative class in not ascertainable or identifiable.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Affirmative Defenses Applicable to Putative Class/Collective Members)

34.     Each of the affirmative defenses asserted herein are also asserted, on information and belief, with respect to each member of the putative class/collective members.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Affirmative Defenses)

35.     Defendant reserves the right to subsequently assert and allege affirmative defenses to the SAC, and any part and/or whole thereof, as they become known.

## PRAYER FOR RELIEF

WHEREFORE, Defendant pray for judgment from this Court as follows:

1.     that Plaintiffs take nothing by way of their Second Amended Complaint;

2.     that the Second Amended Complaint be dismissed with prejudice and that judgment be entered against Plaintiffs and in favor of Defendant on each cause of action;

3.     that Defendant be awarded reasonable attorneys' fees and its costs of suit herein; and

4.     such other and further relief as the Court deems just and proper.

Date: May 11, 2021

**FOLEY & LARDNER LLP**
Eileen R. Ridley
Kaleb N. Berhe
Jason Y. Wu


*/s/ Kaleb N. Berhe*
Kaleb N. Berhe
Attorneys for Defendant JUUL LABS, INC.