JAMES R. SUTTON, SBN 135930
    jsutton@campaignlawyers.com
BRADLEY W. HERTZ, SBN 138564
    bhertz@campaignlawyers.com
THE SUTTON LAW FIRM
150 Post Street, Suite 405
San Francisco, CA  94108
Telephone: 415/732-7700
Facsimile: 415/732-7701

Attorneys for Defendant COALITION FOR
REASONABLE VAPING REGULATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA DE LA LUZ BAUTISTA-PEREZ, LUZ PEREZ BAUTISTA and SALVADORA CORREA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JUUL LABS, INC., COALITION FOR REASONABLE VAPING REGULATION, LONG YING INTERNATIONAL, INC., DAVID M. HO, and DOES 1-10 inclusive,<br><br>Defendants. | CASE NO. 4:20-CV-01613-HSG<br><br>**DEFENDANT COALITION FOR REASONABLE VAPING REGULATION'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Honorable Haywood S. Gilliam, Jr.<br><br>Action Filed: March 4, 2000<br><br>First Amended Complaint Filed: September 9, 2020<br><br>Second Amended Complaint Filed: January 19, 2021<br><br>Trial Date: None Set |

Defendant COALITION FOR REASONABLE VAPING REGULATION ("Defendant," "CRVR," or the "Coalition") hereby answers, and provides affirmative defenses regarding, Plaintiffs MARIA DE LA LUZ BAUTISTA-PEREZ, LUZ PEREZ BAUTISTA and SALVADORA CORREA's ("Plaintiffs") Second Amended Complaint (the "SAC"), as follows:

## I.   INTRODUCTION

1.   Defendant admits that Plaintiffs purport to bring a class action under Federal Rule of Civil Procedure 23(b)(3) for state and local wage and hour claims, and a representative action under the California Labor Private Attorney General Act.  Defendant denies the remaining allegations of the SAC, paragraph 1.

2.   Defendant admits that Plaintiff Maria de la Luz Bautista-Perez purports to bring, on behalf of herself and other Campaign Workers, a collective action for federal overtime pay under the Fair Labor Standards Act.  Defendant denies the remaining allegations of the SAC, paragraph 2.

3.   Defendant denies the allegations of the SAC, paragraph 3.

4.   The allegations of the SAC, paragraph 4, purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations of the SAC, paragraph 4.

5.   Defendant denies the allegations of the SAC, paragraph 5.

6.   Defendant denies the allegations of the SAC, paragraph 6.

7.   Defendant denies the allegations of the SAC, paragraph 7.

8.   The allegations of the SAC, paragraph 8, purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations of the SAC, paragraph 8.

9.   Defendant denies the allegations of the SAC, paragraph 9.

## II.   JURISDICTION

10.  Defendant admits that this Court has jurisdiction over the federal law claims alleged in the SAC.

11. Defendant admits that this Court has jurisdiction over the state and local law claims alleged in the SAC.

### III. VENUE AND INTRADISTRICT ASSIGNMENT

12. Defendant admits that venue is proper.

### IV. PARTIES

#### A. PLAINTIFFS

13. The allegations of the SAC, paragraph 13, purport to set forth legal conclusions for which no response is required. In the event a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations, and therefore denies the allegations in the SAC, paragraph 13.

14. The allegations of the SAC, paragraph 14, purport to set forth legal conclusions for which no response is required. In the event a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations, and therefore denies the allegations in the SAC, paragraph 14.

15. The allegations of the SAC, paragraph 15, purport to set forth legal conclusions for which no response is required. In the event a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations, and therefore denies the allegations in the SAC, paragraph 15.

#### B. DEFENDANTS

16. The allegations of the SAC, paragraph 16, purport to set forth legal conclusions for which no response is required. In the event a response is required, Defendant is without knowledge or information sufficient to form a belief as to the allegations, and therefore denies the allegations in the SAC, paragraph 16.

17. Defendant admits that it is a domestic nonprofit corporation with its principal place of business in San Francisco, California, that it was incorporated as a nonprofit public benefit corporation on July 3, 2019 according to its Articles of Incorporation, that it applied for tax exempt status with the Internal Revenue Service on or about July 8, 2019. The allegation in the SAC, paragraph 17(d), purports to set forth a legal conclusion for which no response is required. In the event a response is required, Defendant denies this allegation.

18.  The allegations of the SAC, paragraph 18, purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations in the SAC, paragraph 18.

19. The allegations of the SAC, paragraph 19(d), purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations in the SAC, paragraph 19(d).  Defendant admits the allegations of the SAC, paragraph 19(c).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the SAC, paragraph 19, and therefore denies these allegations.

20. The allegations of the SAC, paragraph 20(c), purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations in the SAC, paragraph 20(c).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the SAC, paragraph 20, and therefore denies these allegations.

21. The allegations of the SAC, paragraph 21, purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations in the SAC, paragraph 21.

22. The allegations of the SAC, paragraph 22, purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations in the SAC, paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the SAC, paragraph 23, and therefore denies these allegations.

## V.    STATEMENT OF FACTS

### A.    Juul Countered San Francisco's Efforts to Ban the Sale of Vaping Products, Culminating in Sponsoring Proposition C.[1]

---

[1] Because Plaintiffs have included headings and subheadings in their SAC, and because such headings and subheadings might be construed as asserting factual allegations or conclusions of law, Defendant includes these headings and subheadings to assist the Court in reviewing the

*(Cont'd on next page)*

24. The allegations in the SAC, paragraph 24, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

25. The allegations in the SAC, paragraph 25, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

26. The allegations in the SAC, paragraph 26, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

27. The allegations in the SAC, paragraph 27, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

28. The allegations in the SAC, paragraph 28, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

29. The allegations in the SAC, paragraph 29, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

30. The allegations in the SAC, paragraph 30, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

**B.    Juul Created a Fictitious "Coalition" For Its Efforts to Prevent the Passage of the Ordinance.**

---

pleadings.  By repeating them in its Answer, however, Defendant does <u>not</u> admit the accuracy of Plaintiffs' headings and/or subheadings.

31.     The allegations in the SAC, paragraph 31, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

32.     The allegations in the SAC, paragraph 32, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

33.     The allegations in the SAC, paragraph 33, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

34.     The allegations in the SAC, paragraph 34, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

35.     The allegations in the SAC, paragraph 35, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

## C.     In late May, Juul Became a Committee Under California Election Law and Began Gathering Signatures for Its Proposition.

36.     The allegations in the SAC, paragraph 36, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

37.     Defendant admits that on June 3, 2019, James Sutton filed a sworn Statement of Organization, Recipient Committee with the Ethics Commission, on behalf of a campaign committee called the "Coalition for Reasonable Vaping Regulation, Including Neighborhood Grocers and Small Businesses. Committee Major Funding From Juul Labs" (the "Committee").  Defendant also admits that in August 2019, the Committee filed an amended Statement of Organization, changing its name to "Yes on C – Coalition for Reasonable Vaping Regulation, Including Neighborhood Grocers and Small Businesses. Committee Major Funding From Juul Labs."  Defendant denies the allegation that

the Committee is not a separate legal entity, and denies the allegation that the Committee is a legal status under California law that is triggered for a person or group of people when the person(s) takes certain campaign-related actions, in this case, receiving over $2,000 in campaign-related contributions.  With regard to the allegations that "[a] committee, under California law, is defined as a person or combination of persons (including incorporated persons) "who directly or indirectly does any of the following: (a) Receives contributions totaling two thousand dollars ($2,000) or more in a calendar year[;] (b) Makes independent expenditures totaling one thousand dollars ($1,000) or more in a calendar year; or[;] (c) Makes contributions totaling ten thousand dollars ($10,000) or more in a calendar year to or at the behest of candidates or committees." Cal. Gov. Code §§ 82013, 82047. A committee is required to file a statement of organization within 10 days of becoming a committee under California law. Cal. Gov. Code §§ 84101, 82047. A person sponsors a committee if "(1) The committee receives 80 percent or more of its contributions from the person or its members, officers, employees, or shareholders[;] . . . . (3) The person, alone or in combination with other organizations, provides all or nearly all of the administrative services for the committee[; or] (4) The person, alone or in combination with other organizations, sets the policies for soliciting contributions or making expenditures of committee funds." Cal. Gov. Code § 82048.7" and that "[t]he Committee was required to file the Statement of Organization under California law," Defendant responds that these allegations purport to set forth legal conclusions for which no response is required.

38.     Defendant admits that on May 31, 2019, Juul made a $500,000, no-interest loan to the Committee. The remaining allegations of the SAC, paragraph 38, consist of Plaintiffs' description of a document which speaks for itself and about which no response is required.

39.     Plaintiffs' allegations in the SAC, paragraph 39, regarding a June 3, 2019 filing is comprised of Plaintiffs' description of a document which speaks for itself and about which no response is required.  To the extent the allegations in the SAC, paragraph 39, purport to paraphrase or characterize the contents of a document, the document speaks for itself and Defendant denies Plaintiffs' allegations to the extent such allegations are inconsistent with the document. The remaining allegations in the SAC, paragraph 39, purport to set forth legal conclusions for which no

response is required. To the extent a response is required, Defendant denies the remaining allegations in the SAC, paragraph 39.

40.     The allegations of the SAC, paragraph 40, purport to set forth legal conclusions for which no response is required.  In the event a response is required, Defendant denies the allegations in the SAC, paragraph 40, especially given that CRVR was not a membership organization and therefore it had no members.

41.     Plaintiffs' allegations in the SAC, paragraph 41, regarding a June 3, 2019 filing is comprised of Plaintiffs' description of a document which speaks for itself and about which no response is required.  To the extent the allegations in the SAC, paragraph 41, purport to paraphrase or characterize the contents of documents, the documents speaks for themselves and Defendant denies Plaintiffs' allegations to the extent such allegations are inconsistent with the documents.

42.     Plaintiffs' allegations in the SAC, paragraph 42, are comprised of Plaintiffs' description of a document which speaks for itself and about which no response is required.

43.     Plaintiffs' allegations in the SAC, Paragraph 43, are comprised of Plaintiffs' description of a document which speaks for itself and for which no response is required.  The SAC, Paragraph 43, also contains a citation to a California statute which speaks for itself and for which no response is required.

44.     Plaintiffs' allegations in the SAC, Paragraph 44, are comprised of Plaintiffs' description of a document and a website which speak for themselves and for which no response is required.

**D.     Prior To The Coalition's Formation As A Legal Entity, Juul Hired The Campaign Staff That Would Eventually Supervise The Campaign Workers.**

45.     The allegations in the SAC, paragraph 45, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

46.     The allegations in the SAC, paragraph 46, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

47.     The allegations in the SAC, paragraph 47, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

48.     Plaintiffs' allegations in the SAC, Paragraph 48, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

49.     Plaintiffs' allegations in the SAC, Paragraph 49, are comprised of Plaintiffs' description of a document which speaks for itself and for which no response is required.

50.     Plaintiffs' allegations in the SAC, Paragraph 50, are comprised of Plaintiffs' description of a document which speaks for itself and for which no response is required.  In the event a response is required, Defendant denies the allegations that Defendant did not exist as a separate legal entity and that the Committee included only JUUL.

51.     Plaintiffs' allegations in the SAC, Paragraph 51, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

52.     Plaintiffs' allegations in the SAC, Paragraph 52, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

**E.     Juul Started Developing Core Campaign Strategy With Its Hired Consultants In June 2019.**

53.     Plaintiffs' allegations in the SAC, Paragraph 53, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

54.     Plaintiffs' allegations in the SAC, Paragraph 54, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

55.     Plaintiffs' allegations in the SAC, Paragraph 55, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

56.     Plaintiffs' allegations in the SAC, Paragraph 56, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

57.     Defendant admits that Mr. Sutton submitted approximately 20,302 signatures on behalf of the Committee to the Department of Elections on or about July 2, 2019.  Defendant denies that Mr. Sutton submitted signatures on behalf of Juul.

**F.      After The Coalition Was Incorporated, It Failed To Comply With Required Corporate Formalities And Made A Number Of Misstatements To The Internal Revenue Service When Applying For Nonprofit Status**.

58.      Defendant admits that the Coalition was incorporated on July 3, 2019.

59.      Plaintiffs' allegations in the SAC, Paragraph 59, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.  In the event a response is required, Defendant denies that there were irregularities in the Coalition's 501(c)(4) application.

60.      Plaintiffs' allegations in the SAC, Paragraph 60, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.  In the event a response is required, Defendant denies the allegations of this paragraph.

61.      Plaintiffs' allegations in the SAC, Paragraph 61, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.  In the event a response is required, Defendant denies the allegations of this paragraph.

62.      Plaintiffs' allegations in the SAC, Paragraph 62, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.  In the event a response is required, Defendant denies the allegations of paragraph 62.

63.      Plaintiffs' SAC, paragraph 63, consists of a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 63.

64.      Plaintiffs' allegations in the SAC, Paragraph 64, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.  In the event a response is required, Defendant denies the allegations of paragraph 64.

65.      Plaintiffs' allegations in the SAC, Paragraph 65, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

66.      Plaintiffs' allegations in the SAC, Paragraph 66, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

67.      Defendant admits the allegations in the SAC, paragraph 67.

68.     Plaintiffs' allegations in the SAC, Paragraph 68, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

**G.      Juul Provided The Near Exclusive Funding For The Campaign Committee.**

69.     The allegations in the SAC, paragraph 69, are not directed toward Defendant. Defendant does not have knowledge or information sufficient to form a belief as to the truth of this paragraph's allegations and therefore neither admits nor denies the allegations.

70.     Plaintiffs' allegations in the SAC, Paragraph 70, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

71.     Plaintiffs' allegations in the SAC, Paragraph 71, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

72.     Plaintiffs' allegations in the SAC, Paragraph 72, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

73.     Plaintiffs' allegations in the SAC, Paragraph 73, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

74.     Plaintiffs' allegations in the SAC, Paragraph 74, are comprised of Plaintiffs' description of documents which speak for themselves and for which no response is required.

75.     Defendant admits that it maintained separate finances from Juul and that it has been in significant debt to Juul.  Defendant denies the remaining allegations in the SAC, paragraph 75.

**H.      Juul Continued To Have Operational Control Over The Campaign Even After The Coalition Was Incorporated.**

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the terminology used by individuals from Whitehurst Mosher and Long Ying and therefore denies the same. Defendant denies the remaining allegations in paragraph 76 of the SAC.

77.     Defendant admits that Mr. Sillin was aware of the Campaign's spending. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 of the SAC and therefore denies the same.

78.     Paragraph 78 consists of Plaintiffs' description of a document which speaks for itself

and to which no response is required. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the SAC and therefore denies the same.

79.     Defendant admits the allegations in paragraph 79 of the SAC.

80.     Paragraph 80 consists of Plaintiffs' description of a document which speaks for itself and to which no response is required.

81.     Defendant denies that Juul made direct payments to consultants engaged by Defendant for work on the Campaign. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 of the SAC and therefore denies the same.

**I.      From July Through September 2019, The Long Ying Defendants And The Coalition Hired Plaintiffs And Other Campaign Workers To Work On The Campaign.**

82.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore denies the same.

83.     Defendant admits the allegations in paragraph 83 of the SAC.  Defendant adds, however, that the Coalition, through their attorneys Nicholas Sanders and James Sutton, also provided Long Ying with draft language for employment agreements.

84.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and therefore denies the same.

85.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore denies the same.

86.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 and therefore denies the same.

87.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and

11

the putative class members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 and therefore denies the same.

88.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members. Defendant admits on information and belief that Long Ying retained Plaintiffs and the putative class members as independent contractors. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88 and therefore denies the same.

89.     Defendant admits that Long Ying handled all aspects of the hiring of Plaintiffs and the putative class members. Defendant admits on information and belief that Long Ying retained Plaintiffs and the putative class members as independent contractors. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and therefore denies the same.

90.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies the same.

**J.      Campaign Workers, Including Plaintiffs, Worked Under The Supervision Of Staff Hired By A Number Of Entities Affiliated With The Campaign, Including The Coalition, Long Ying, And S2 Partners, And Were Required To Follow Policies Set Forth By The Coalition And Juul.**

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies the same.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies the same.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies the same.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies the same.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 and therefore denies the same.

97.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies the same.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies the same.

99.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies the same.

100.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies the same.

101.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies the same.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies the same.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies the same.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies the same.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies the same.

106.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies the same.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies the same.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies the same.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies the same.

110.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies the same.

111.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies the same.

112.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies the same.

113.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies the same.

114.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies the same.

115.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies the same.

**K. Some Campaign Workers Hired Through Staffing Agencies Were Acknowledged Employees And Worked The Same Job As The "Independent Contractor" Campaign Worker At Issue Here.**

116.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies the same.

117.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies the same.

118.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies the same.

119.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies the same.

120.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies the same.

121.   Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the SAC.

122.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies the same.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies the same.

**L.    Throughout The Campaign, Juul, Through Its Representative Nathaniel Sillin, Maintained Control Over Campaign Workers' Wages, Hours, And Working Conditions.**

124.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies the same.

125.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies the same.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies the same.

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies the same.

128.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies the same.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies the same.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies the same.

131.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies the same.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies the same.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies the same.

134.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies the same.

## M.   Most Campaign Workers Were Discharged In Late September Or Early October After Juul Decided To Suspend The Campaign.

135.   Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the SAC and therefore denies the same.

136.   Defendant admits the allegations in paragraph 136 of the SAC.

137.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies the same.

138.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies the same.

139.   Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the SAC and therefore denies the same.

140.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies the same.

141.   Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the SAC and therefore denies the same.

## VI.   CLASS ACTION ALLEGATIONS

142.   Defendant admits that Plaintiffs bring claims for violations of federal, state, and local wage and hour laws and seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The remaining allegations in Paragraph 142 consist of legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 142.

143.   Paragraph 143 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 143.

144.   Paragraph 144 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 144.

145.   Paragraph 145 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 145

146. Paragraph 146 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 146.

147. Paragraph 147 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 147.

148. Paragraph 148 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 148.

## VII. COLLECTIVE ACTION ALLEGATIONS

149. Defendant admits that Plaintiff Maria Bautista-Perez brings claims under the FLSA as a collective action under 29 U.S.C. § 216(b). The remaining allegations in Paragraph 149 consist of legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 149.

150. Paragraph 150 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 150.

151. Paragraph 151 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 151.

152. Defendant denies the allegations in paragraph 152 as they pertain to Defendant and denies that Plaintiff is entitled to any contact information of putative collective action members.

## VIII. CLAIMS

## FIRST CLAIM

## FAILURE TO PAY FULL WAGES OWED PROMPTLY AT SEPARATION

## CAL. LAB. CODE §§ 201, 203

## (ON BEHALF OF PLAINTIFFS AND CLASS)

153. This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

154. This paragraph describes California Labor Code § 201 and § 203, statutory provisions that speaks for themselves, and contains allegations that constitute conclusions of law, to which no

response is required. To the extent a response is required, Defendant denies the allegation that it violated California Labor Code § 201 and § 203.

155.    Defendant denies the allegations in paragraph 155 of the SAC.

156.    Defendant denies the allegations in paragraph 156 of the SAC.

157.    Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 157 of the SAC.

## SECOND CLAIM

### Failure To Furnish Accurate Wage Statements

### Calif. Labor Code § 226

### (ON BEHALF OF PLAINTIFFS AND CLASS)

158.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

159.    This paragraph describes California Labor Code § 226(e), a statutory provision that speaks for itself, and contains allegations that constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies that it violated California Labor Code § 226.

160.    Defendant denies the allegations in paragraph 160 of the SAC.

161.    Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 161 of the SAC.

## THIRD CLAIM

### Failure To Pay California Minimum Wage

### Cal. Lab. Code Sections 1182.11, 1182.12, 1194, 1194.2, 1197,

### Cal. IWC Wage Order No. 4 § 4, & Minimum Wage Order

### (ON BEHALF OF PLAINTIFFS AND SUBCLASS)

162.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

163.    This paragraph describes California Labor Code §§ 1182.11, 1182.12, 1194, and 1197, California IWC Wage Order No. 4, §4, and the California Minimum Wage Order, statutory

18

and regulatory provisions that speaks for themselves, and no response is required. Defendant denies that it violated these Labor Code section and Wage Orders.

164.    This paragraph describes California Labor Code § 1194, a statutory provision that speaks for itself, and no response is required.

165.    This paragraph describes California Labor Code § 1194.2, a statutory provision that speaks for itself, and no response is required.

166.    This paragraph describes California Labor Code § 1197.1, a statutory provision that speaks for itself, and no response is required.

167.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 167 of the SAC and therefore denies the same.

168.    Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 168 of the SAC.

<u>**FOURTH CLAIM**</u>

**Failure To Pay San Francisco Minimum Wage,**

**S.F. Admin. Code § 12R.4**

**(ON BEHALF OF PLAINTIFFS AND SUBCLASS)**

169.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

170.    This paragraph describes San Francisco Administrative Code § 12R.4, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated San Francisco Administrative Code § 12R.4.

171.    This paragraph describes San Francisco Administrative Code § 12R.3, a statutory provision that speaks for itself, and no response is required.

172.    This paragraph describes San Francisco Administrative Code § 12R.7, a statutory provision that speaks for itself, and no response is required.

173.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 173 of the SAC and therefore denies the same.

174.    Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 174 of the SAC.

## FIFTH CLAIM

### Failure To Pay Overtime Wages

### Cal. Lab. Code §§ 510, 1194 & IWC Wage Order No. 4, § 3

### (ON BEHALF OF PLAINTIFF AND WORK RELATED TRAVEL SUBCLASS)

175.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

176.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176 of the SAC and therefore denies the same.

177.    Paragraph 177 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in paragraph 177.

178.    Paragraph 178 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 178.

179.    Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 179 of the SAC.

## SIXTH CLAIM

### Failure To Reimburse For Necessary Business Expenses

### Cal. Lab. Code § 2802

### (ON BEHALF OF PLAINTIFFS AND SUBCLASS)

180.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

181.    This paragraph describes California Labor Code § 2802, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated California Labor Code § 2802.

182.    Defendant denies the allegations in paragraph 182 of the SAC.

183.    Defendant admits that Plaintiffs seek to certify various classes and seek unreimbursed expenses, interest, costs incurred, attorneys' fees, and other relief. Defendant denies any class

20

certification is appropriate and deny that Plaintiffs and putative class members are entitled to any of the relief sought.

## SEVENTH CLAIM

**Failure To Provide Meal Periods**

**Cal. Labor Code §§ 226.7, 512 & IWC Wage Order No. 4, § 11**

**(ON BEHALF OF PLAINTIFFS AND SUBCLASS)**

184.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

185.    This paragraph describes California Labor Code §§ 226.7, 512, and California IWC Wage Order No. 4, §11, statutory and regulatory provisions that speaks for themselves, and no response is required. Defendant denies that it violated California Labor Code §§ 226.7, 512, and California IWC Wage Order No. 4, §11.

186.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 of the SAC and therefore denies the same.

187.    Defendant admits that Plaintiffs seek to certify various classes and seek premium pay for missed meal periods, interest, and such other legal and equitable relief. Defendant denies any class certification is appropriate and deny that Plaintiffs and putative class members are entitled to any of the relief sought.

## EIGHTH CLAIM

**Violations Of Unfair Competition Law**

**Calif. Bus. & Prof. Code § 17200 Et Seq.**

**(ON BEHALF OF PLAINTIFFS, CLASS, AND SUBCLASS)**

188.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

189.    This paragraph describes California Business and Professions Code § 17200, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated California Business and Professions Code § 17200.

190.    This paragraph describes California Business and Professions Code § 17204, a statutory provision that speaks for itself, and no response is required.

191.    Paragraph 191 consists of several legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 191.

192.    Paragraph 192 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 192.

193.    Paragraph 193 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 193.

194.    Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 194 of the SAC.

195.    Defendant admits that Plaintiffs seek attorneys' fees under California Code of Civil Procedure § 1021.5. Defendant denies any liability under California Business and Professions Code § 17200 et seq., and, therefore, attorneys' fees under California Code of Civil Procedure § 1021.5 are not recoverable.

196.    Defendant admits that Plaintiffs seek relief as described in Plaintiffs' Second Amended Complaint. Defendant denies that Plaintiffs and putative class members are entitled to any relief requested.

## NINTH CLAIM

### Failure To Pay Overtime Wages

### FLSA, 29 U.S.C. § 201 Et Seq.

### (ON BEHALF OF PLAINTIFF MARIA BAUTISTA-PEREZ

### AND FLSA COLLECTIVE ACTION MEMBERS)

197.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

198.    This paragraph describes 29 U.S.C. § 207, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated 29 U.S.C. § 201 et seq.

199.    Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 of the SAC and therefore denies the same.

200.    Paragraph 200 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 200.

201.    Defendant denies that Plaintiffs and the putative class are entitled to any relief as alleged in paragraph 201 of the SAC.

## TENTH CLAIM

### Liability For Civil Penalties Under PAGA

### Cal. Lab. Code §§ 2698 Et Seq.

### (ON BEHALF OF PLAINTIFFS AND STATE OF CALIFORNIA)

202.    This paragraph re-alleges and incorporates all preceding paragraphs. Defendant incorporates its responses to all preceding paragraphs as if fully set forth hereinafter.

203.    This paragraph describes California Labor Code § 2699, a statutory provision that speaks for itself, and no response is required. Defendant denies that it violated the California Labor Code.

204.    Paragraph 204 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the California Labor Code.

205.    Paragraph 205 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 205.

206.    Paragraph 206 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 206.

207.    Defendant admits that Plaintiff served Defendant with a written notice of their intent to seek PAGA penalties. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegation that the Labor and Workforce Development Agency ("LWDA") did not issue notice of its intention to pursue civil penalties. The remaining allegations in paragraph 207 describe California Labor Code § 2699, a statutory provision that speaks for itself, and no response is required. Defendant denies that Plaintiff properly exhausted its administrative remedies and further denies that it violated the California Labor Code.

208.    Defendant admits that Plaintiffs request relief. Defendant denies that Plaintiffs and putative class members are entitled to any relief requested.

1

**AFFIRMATIVE DEFENSES**

2

FIRST AFFIRMATIVE DEFENSE

3

(Failure to State a Claim)

4

    1.      The SAC fails to state a claim upon which relief may be granted against

5

Defendant.

6

SECOND AFFIRMATIVE DEFENSE

7

(No Employment)

8

    2.      The claims of Plaintiffs and/or the putative class/collective members are barred

9

because Defendant did not employ Plaintiffs and/or the putative class/collective members,

10

such that Defendant had no legal duty or obligation with respect to the matters complained of

11

in the SAC.

12

THIRD AFFIRMATIVE DEFENSE

13

(No Wages, Compensation, or Reimbursement Owed)

14

    3.      The claims of Plaintiffs and/or the putative class/collective members are barred

15

because Plaintiffs and/or the putative class/collective members have been paid and/or

16

received all wages, compensation, and reimbursement due to them.

17

FOURTH AFFIRMATIVE DEFENSE

18

(No Violation of Law)

19

    4.      The claims of Plaintiffs and/or the putative class/collective members are barred

20

because Defendant did not violate any law in connection with the allegations of the SAC,

21

and Defendant acted at all times in good faith and in compliance with controlling applicable

22

laws and regulations.

23

FIFTH AFFIRMATIVE DEFENSE

24

(No Alter Ego Liability)

25

    5.      The claims of Plaintiffs and/or the putative class/collective members are barred

26

because Defendant is not an alter ego of any entity that may be found liable for the matters

27

complained of in the SAC.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIXTH AFFIRMATIVE DEFENSE

(No Damages, Harm, or Injury)

6.      The claims of Plaintiffs and/or the putative class/collective members are barred because Plaintiffs and/or the putative class/collective members suffered no damages, harm, or injury with respect to the allegations of the SAC.

SEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

7.      The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part because Plaintiffs and/or the putative class/collective members lack standing to assert such claims.

EIGHTH AFFIRMATIVE DEFENSE

(Expenses Not Reimbursable)

8.      The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part to the extent the expenses alleged in the SAC are not reimbursable.

NINTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Remedies)

9.      The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part to the extent they failed to exhaust administrative, statutory, or contractual remedies available to them.

TENTH AFFIRMATIVE DEFENSE

(Failure to Follow Administrative Requirements)

10.      The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part to the extent they failed to follow administrative requirements and prerequisites to relief, including any applicable notice requirements under the Private Attorneys General Act.

1

ELEVENTH AFFIRMATIVE DEFENSE

2

(Unclean Hands)

3    11.    The claims of Plaintiffs and/or the putative class/collective members are barred

4    under the equitable doctrine of unclean hands.

5

TWELFTH AFFIRMATIVE DEFENSE

6

(Waiver/Estoppel)

7    12.    The claims of Plaintiffs and/or the putative class/collective members are barred

8    under the equitable doctrines of waiver and/or estoppel.

9

THIRTEENTH AFFIRMATIVE DEFENSE

10

(Relief Unavailable)

11    13.    The claims of Plaintiffs and/or the putative class/collective members are barred

12    to the extent they seek relief unavailable under the causes of action asserted, including

13    monetary relief under California's Unfair Competition Law.

14

FOURTEENTH AFFIRMATIVE DEFENSE

15

(Failure to Mitigate Damages)

16    14.    The claims of Plaintiffs and/or the putative class/collective members are barred

17    by Plaintiffs' and/or the putative class members' failure, refusal, and/or neglect to mitigate or

18    avoid the damages complained of in the SAC, if any.

19

FIFTEENTH AFFIRMATIVE DEFENSE

20

(Offset)

21    15.    The claims of Plaintiffs and/or the putative class/collective members are barred

22    in whole or in part because any recovery must be offset or reduced by any benefits and/or

23    other monies they have received.

24

SIXTEENTH AFFIRMATIVE DEFENSE

25

(Unjust Enrichment)

26    16.    The claims of Plaintiffs and/or the putative class/collective members are barred

27    to the extent that any award in this action is speculative, uncertain, or would constitute unjust

28    enrichment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Multiple Recovery Precluded)

17. The claims of Plaintiffs and/or the putative class/collective members are barred to the extent that any award in this action results in multiple recovery for the same alleged wrong or wrongs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (De Minimis Time)

18. The claims of Plaintiffs and/or the putative class/collective members are barred to the extent that any alleged unpaid time was non-compensable in that it was de minimis or without Defendant's knowledge or authorization.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Consent)

19. The claims of Plaintiffs and/or the putative class/collective members claims are barred, in whole or in part, because Plaintiffs and/or the putative class/collective members consented to the conduct about which they now complain.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Indemnity/Contribution)

20. The claims of Plaintiffs and/or the putative class/collective members claims are barred, in whole or in part, to the extent that Defendant is entitled to full or partial indemnity and/or contribution from such other individuals or entities as are found to have proximately caused the injuries and/or damages claimed in the SAC and/or who expressly, equitably, or impliedly agreed to indemnify, defend, or hold harmless Defendant from damages or liabilities such as those claimed in the SAC.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Subrogation/Contribution)

21. Defendant asserts and alleges that to the extent it is found liable for any claims or

damages alleged in the SAC, all other individuals and entities liable in whole or in part for the matters complained of are equitably obligated to contribute to all or a portion of any sum sought by and awarded to Plaintiffs and/or the putative class/collective members, regardless of whether such other individuals or entities are parties to this action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations and Repose)

22. The claims of Plaintiffs and/or the putative class/collective members are barred by the applicable statutes of limitations and repose.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

23. The claims of Plaintiffs and/or the putative class/collective members are barred by the doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

24. The claims of Plaintiffs and the putative class/collective members are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith Defense)

25. The claims of Plaintiffs and the putative class/collective members are barred because, without admitting that any violation took place, any violation of the Federal Labor Standards Act, California Labor Code, a Wage Order of the Industrial Welfare Commission, or the San Francisco Administrative Code was an act or omission made in good faith, and in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the Federal Labor Standards Act, California Labor Code, any Wage Order of the Industrial Welfare Commission, or the San Francisco Administrative Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith Conduct)

28

26. Plaintiffs and the putative class/collective members were treated fairly and in good faith, and all actions taken with regard to them were taken for lawful business reasons and in good faith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Willful or Intentional Failure to Pay)

27. Assuming, arguendo, that Plaintiffs and the putative class/collective members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and the putative class/collective members, to justify any awards of penalties or fees.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Must Comport with Due Process)

28. To the extent that Plaintiffs claim penalties, such claims must comport with the due process requirements of State Farm v. Campbell, 538 U.S. 408 (2003) and subsequent case law regarding the same issue.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Fines and Penalties Excessive)

29.    The claims of Plaintiffs and/or the putative class/collective members are barred in whole or in part on the grounds that the fines or penalties sought under the SAC are excessive.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Unfair Business Practices)

30. Defendant's business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code sections 17200 et seq.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

31. The claims of Plaintiffs and the putative class/collective members are barred because they are subject to contractual arbitration.

29

1

2

THIRTY-SECOND AFFIRMATIVE DEFENSE

3

(No Attorneys' Fees)

4

32.    The SAC fails to properly state a claim for attorneys' fees.

5

THIRTY-THIRD AFFIRMATIVE DEFENSE

6

(Class/Collective Action Cannot Be Maintained)

7

33. This suit may not be properly maintained as a class or collective action

8

because: (1) Plaintiffs have failed to plead, and cannot establish the necessary procedural

9

elements for class treatment; (2) the putative class is not so numerous that joinder of all

10

members is impracticable; (3) there are no questions of law or fact common to the class; (4)

11

Plaintiffs' claims are not representative or typical of the claims of the putative class; (5)

12

Plaintiffs cannot fairly and adequately protect the interests of the class or are otherwise not

13

adequate class representatives; (6) a class action is not an appropriate method for the fair and

14

efficient adjudication of the claims described in the SAC; (7) individual questions of fact and

15

law predominate; (8) Plaintiffs cannot satisfy any of the requirements for class action

16

treatment, and class action treatment is neither appropriate nor constitutional; (9) there is not

17

a well-defined community of interest in the questions of law or fact affecting Plaintiffs and

18

the members of the alleged putative class; and (10) the alleged putative class in not

19

ascertainable or identifiable.

20

THIRTY-FOURTH AFFIRMATIVE DEFENSE

21

(Affirmative Defenses Applicable to Putative Class/Collective Members)

22

34.    Each of the affirmative defenses asserted herein are also asserted, on information and

23

belief, with respect to each member of the putative class/collective members.

24

THIRTY-FIFTH AFFIRMATIVE DEFENSE

25

(Reservation of Affirmative Defenses)

26

35.    Defendant reserves the right to subsequently assert and allege affirmative defenses to

27

the SAC, and any part and/or whole thereof, as they become known.

28

30

1

2                         **PRAYER FOR RELIEF**

3          WHEREFORE, Defendant prays for judgment from this Court as follows:

4          1.      That Plaintiffs take nothing by way of their Second Amended Complaint;

5          2.      That Plaintiffs' Second Amended Complaint be dismissed, with prejudice, and that

6   judgment be entered in favor of Defendant and against Plaintiffs on each of Plaintiffs' cause of

7   action;

8          3.      That Defendant be awarded reasonable attorneys' fees and costs of suit herein; and

9          4.      For such other and further relief as the Court deems just and proper.

10

11  Dated:  May 11, 2021                    THE SUTTON LAW FIRM

12

13                                          By:____*/s/ Bradley W. Hertz*_____
                                                      Bradley W. Hertz
14

15                                          Attorneys for Defendant COALITION FOR
                                            REASONABLE VAPING REGULATION
16

17

18

19

20

21

22

23

24

25

26

27

28

                                              31

**CERTIFICATE OF SERVICE**

I, Bradley W. Hertz, declare as follows:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen years and am not a party to this action; my business address is 150 Post Street, Suite 405, San Francisco, CA 94108.  On the date set forth below, I served the following document:

**DEFENDANT COALITION FOR REASONABLE VAPING REGULATION'S ANSWER TO SECOND AMENDED COMPLAINT**

**X   BY E-MAIL** I caused the document to be sent to the persons at the e-mail addresses listed below.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

AARON KAUFMANN, ESQ.               ATTORNEYS FOR PLAINTIFFS AND THE
GISELLE OLMEDO, ESQ.               PUTATIVE CLASS
LEONARD CARDER, LLP
1999 HARRISON STREET, SUITE 2700
OAKLAND, CA 94612
AKAUFMANN@LEONARDCARDER.COM
GOLMEDO@LEONARDCARDER.COM


GEORGE A. WARNER, ESQ.             ATTORNEYS FOR PLAINTIFFS AND THE
LEGAL AID AT WORK                  PUTATIVE CLASS
180 MONTGOMERY STREET, SUITE 600
SAN FRANCISCO, CA 94104
GWARNER@LEGALAIDNETWORK.ORG


EILEEN R. RIDLEY, ESQ.             ATTORNEYS FOR DEFENDANT JUUL LABS, INC.
JASON Y. WU, ESQ.
FOLEY & LARDNER LLP
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
ERIDLEY@FOLEY.COM
JWU@FOLEY.COM


KALEB N. BERHE, ESQ.              ATTORNEYS FOR DEFENDANT JUUL LABS, INC.
FOLEY & LARDNER LLP
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
KBERHE@FOLEY.COM

DEFENDANT COALITION FOR REASONABLE VAPING REGULATION'S
ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:20-CV-01613-HSG

1

2

**CERTIFICATE OF SERVICE**
**(CONTINUED)**

3

4

5

6

7

EDWIN K. PRATHER, ESQ.          ATTORNEYS FOR DEFENDANTS LONG YING
SYBIL L. RENICK, ESQ.             INTERNATIONAL, INC. AND DAVID M. HO
PRATHER LAW OFFICES
245 FIFTH STREET, SUITE 103
SAN FRANCISCO, CALIFORNIA 94103
EDWIN@PRATHERLAWOFFICES.COM
SYBIL@PRATHERLAWOFFICES.COM

8

**X** **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

9

Executed on May 12, 2021.

10

11

/s/ *Bradley W. Hertz*

12

Bradley W. Hertz

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT COALITION FOR REASONABLE VAPING REGULATION'S
ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:20-CV-01613-HSG