AARON KAUFMANN, SBN 148580
GISELLE OLMEDO, SBN 294750
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA  94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
golmedo@leonardcarder.com

GEORGE A. WARNER, SBN 320241
LEGAL AID AT WORK
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096
cvigne@legalaidatwork.org
gwarner@legalaidatwork.org

*Attorneys for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LA LUZ BAUTISTA-PEREZ, LUZ PEREZ BAUTISTA and SALVADORA CORREA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>JUUL LABS, INC., COALITION FOR REASONABLE VAPING REGULATION, LONG YING INTERNATIONAL, INC., DAVID M. HO, and DOES 1-10 inclusive,<br><br>    Defendants. | Case No.  4:20-cv-01613-HSG<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AND CONDITIONAL CLASS CERTIFICATION**<br><br>Operative Complaint Filed: September 9, 2020<br>Trial Date:     None set<br><br>Date:   April 7, 2022<br>Time:   2:00 p.m.<br>Before:  Hon. Haywood S. Gilliam<br>Courtroom: 2, Fourth Floor<br>      1301 Clay Street<br>      Oakland, CA |

1   Plaintiffs Maria de la Luz Bautista-Perez, Luz Perez Bautista and Salvadora Correa

2   ("Plaintiffs"), and Defendants Juul Labs, Inc., Coalition for Reasonable Vaping Regulation, Long

3   Ying International, Inc., David M. Ho (together "Defendants"), by and through their respective

4   counsel, appeared in front of this Court on April 7, 2022, on Plaintiffs' Unopposed Motion for

5   Preliminary Approval of Class Action Settlement and Conditional Class Certification.  Plaintiffs

6   submitted the Settlement Agreement and Release of Claims (the "Settlement Agreement").  Having

7   considered the briefs, Settlement Agreement, the oral argument submitted by counsel, and the

8   relevant statutory and case law, the Court GRANTS Plaintiffs' Motion, ORDERS Class Notice,

9   and FINDS as follows:

10   ## I.   INTRODUCTION

11   Plaintiffs seek preliminary approval of a $1,750,000.00 non-reversionary collective action,

12   class action, and PAGA settlement on behalf of approximately 370 former Campaign Workers

13   hired by Defendant Long Ying to perform canvassing, phone banking, and related administrative

14   work on the Yes on C Campaign, a 2019 campaign sponsored by Defendants the Coalition for

15   Reasonable Vaping Regulation and Juul Labs, Inc.  The standards for certification of the proposed

16   class are satisfied, and the proposed settlement is fair, reasonable, and adequate.

17   ## II.   BACKGROUND

18   ### A.   Factual and Procedural Background

19   On March 4, 2020, Named Plaintiffs filed this action in this court, asserting claims under

20   the California Labor Code and the federal Fair Labor Standards Act ("FLSA"). On September 9,

21   2020, Plaintiffs filed their First Amended Complaint adding claims for PAGA penalties. Dkt. No.

22   78. On January 14, 2021, Plaintiffs filed their Second Amended Complaint. Dkt. No. 99. Plaintiff

23   asserts six causes of action under state law for (1) failure to pay wages owed at separation, (2)

24   failure to furnish accurate wage statements, (3) failure to pay minimum wages, (4) failure to pay

25   San Francisco minimum wage, (5) failure to pay overtime wages, and (6) failure to reimburse

26   business expenses. Plaintiffs also assert a claim for (7) failure to pay overtime wages under the

27   FLSA. Finally, Plaintiffs seek civil penalties under the Private Attorneys General Act ("PAGA"),

28

1    Cal. Labor Code § 2698 et seq.[1]

2          Long Ying and its owner Defendant David Ho hired Plaintiffs and roughly 365 other

3    workers to provide canvassing and phone banking. and related administrative services for the Yes

4    on Proposition C Campaign. *See* Dkt. No. 100, Second Am. Compl., ¶¶ 3, 116. These Campaign

5    Workers were hired as independent contractors, and were required to sign a form independent

6    contractor agreement with Long Ying International. *Id.* at ¶¶ 8, 89. Plaintiffs allege that the

7    Coalition for Reasonable Vaping Regulation and Juul were also employers of the Campaign

8    Workers because, among other reasons, Juul employee Nat Sillin had the ability to control the

9    Campaign Workers wage, hours, and working conditions, and the Campaign Workers were

10   supervised in part by Coalition employees. *Id.* at ¶¶ 125–132. Plaintiffs allege that because they

11   were treated as independent contractors, the Defendants failed to comply with a number of

12   employment law obligations under state and Federal law, including the obligation to provide

13   compliant pay statements, and the obligation to pay workers for all hours worked, including time

14   spent traveling between worksites in the middle of the day. *Id.* at ¶¶ 153–201. Plaintiffs also allege

15   that they were not paid immediately upon discharge, as required by California law. *Id.* at ¶¶ 153–

16   557. On the basis of these facts, Plaintiffs seek waiting time penalties, unpaid wages, liquidated

17   damages, unreimbursed business expenses, restitution, statutory penalties, interest, civil penalties,

18   attorneys' fees and costs, as well as whatever relief "the Court deems just and proper." See *id.* at p.

19   40–41 ("Prayer for Relief").

20          **B.    Settlement Agreement**

21          Following extensive formal discovery and with the assistance of a private mediator, the

22   parties entered into a settlement agreement. *See* Declaration of George Warner ISO Plaintiffs'

23   Unopposed Motion for Preliminary Approval Of Class Action And Collective Action Settlement

24   And Conditional Class Certification ("Warner Decl."), ¶ 8, Exhibit 1 (hereinafter, "Settlement

25   Agreement" or "SA".)

26   _____

27   [1] Plaintiffs agreed before mediation not to continue to pursue its claim for failure to provide meal
     periods. Its claim under California's Unfair Competition Law in this case does not provide
28   additional remedies, and is predicated on the underlying violations of state, local and Federal law.
     Warner Decl. ¶ 14.

1    **Class Definition:** The proposed Settlement Class definition is as follows:

2    All individuals who were hired directly by Long Ying International, Inc. to

3    perform phone banking, canvassing and/or administrative tasks for the Yes on C

4    Campaign and did perform such work at any time during the Class Period.

5    SA § IV.B. The parties have represented that there are approximately 369 individuals

6    who fall within the class definition. Warner Decl. ¶ 13.

7    **Monetary Terms:** Under the Settlement Agreement, Defendants have agreed to pay a gross

8    Settlement Fund of $1,750,000. SA § VI.A. $400,000 will be allocated to resolve claims raised

9    under PAGA, of which $300,000 will be disbursed to the State of California, and $100,000 will be

10   disbursed to the class members. SA § VI.E. $1,500 will be allocated to resolve the collective action

11   members' FLSA claims. SA § VI.F. At least $563,000 will be distributed to class members to

12   resolve claims under the Labor Code and San Francisco law, subject to the Court's approval of

13   attorneys' fees of up to $750,000 for Plaintiffs' attorneys, fees of $18,500 to the settlement

14   administrator, and $17,000 in class representative service awards. SA §§ VI.B–VI.D; Warner Decl.

15   ¶ 17.

16   The settlement will distribute average payments of roughly $1,525 to members of the class,

17   and total average payments of roughly $1,800 to members of the aggrieved employees, members of

18   the collective and members of the class. Warner Decl. ¶ 18. The payments will result in the

19   members of the class recovering around 74 percent of their total possible damages and penalties, as

20   calculated by Plaintiffs' counsel, and over 90 percent of total damages and penalties associated

21   with the claims for failure to pay state overtime and the minimum wage. Warner Decl. ¶ 17.

22   **Class Notice:** Upon preliminary approval, the Settlement Administrator CPT, Inc. ("CPT"),

23   is to send a notice to members of the class, using first-class mail and, when available, e-mail. SA §

24   VII.C, Exh. A. Members of the class who also have claims under the FLSA will be provided a

25   slightly modified notice that will allow them to join the collective action portion of this case, and

26   participate in the settlement of the FLSA portion of the settlement. SA § VII.C, Exh. B. Class

27   Members are not required to make a submission to participate in the class-action portion of the

28   settlement or the PAGA portion of the settlement. SA § VII.C. In addition, the Settlement

3

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND
COLLECTIVE ACTION SETTLEMENT AND CONDITIONAL CLASS CERTIFICATION

Administrator will establish a website for Class Member inquiries. SA § VII.H.

Release: The class will release all claims against Defendants that were alleged in the Action, or which could have been alleged in the Action based on the same facts and circumstances as alleged in the Action. SA § IX.B. Each opt-in Plaintiff participating in the collective action will further release the Defendants from all causes of action which were alleged or could be alleged under the FLSA. SA § IX.C.

Opt-Out Procedure: The parties propose that any putative class member who does not wish to participate in the class action portion of the settlement must sign and postmark a written request for exclusion to the settlement administrator within 45 days from the mailing of the class notice. SA § VII.F.

Opt-In Procedure for FLSA Claims: The parties propose for those Campaign Workers who also have a claim under the FLSA that they receive a separate version of the class action notice in order to provide information about the FLSA portion of the settlement. SA § VII.E, Exh. B. This version invites Campaign Workers to opt into the settlement of the FLSA overtime claim by filling out the form attached to the notice and sending it to Plaintiffs' counsel be email or mail, or by filling out the consent to join form online. SA, Exh. B, p. 8.

### III.     DISCUSSION

**A.     Conditional Certification of the Settlement Class Under Rule 23**

**1.     Rule 23(a) Certification**

**a.     Numerosity**

Rule 23(a)(1) requires that the putative class be "so numerous that joinder of all members is impracticable." The Court finds that numerosity is satisfied here because joinder of the estimated 369 class members would be impracticable.

**b.     Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." A contention is sufficiently common where "it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S at 350. Commonality exists where "the circumstances of

4

each particular class member vary but retain a common core of factual or legal issues with the rest of the class." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir. 2008). "What matters to class certification ... is not the raising of common 'questions'—even in droves—but rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 564 U.S at 350. Even a single common question is sufficient to meet this requirement. *Id.* at 359.

Common questions of law and fact in this action include whether the Campaign Workers were properly classified as independent contractors, whether the pay stubs provided to Campaign Workers were compliance with the California Labor Code, whether the Coalition and Juul were the Campaign Workers joint employers, and whether Juul and the Coalition should be treated as alter egos for purpose of liability in this action.

### c. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (quotation omitted). That said, under the "permissive standards" of Rule 23(a)(3), the claims "need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998) (quotation omitted).

Plaintiffs' claims are both factually and legally similar to those of the putative class because Plaintiffs allege that they were all hired by Long Ying using the same form contract, as independent contractors, and performed the same phone banking, canvassing, and associated administrative work, on the same schedules. Plaintiffs allege that they were not paid for time traveling between worksites, like the other putative class members, and that they were not paid upon discharge, like the other putative class members. Plaintiffs have not alleged any individual claims. This is sufficient to satisfy the typicality requirement.

### d. Adequacy

Rule 23(a)(4) requires that the "representative parties will fairly and adequately represent

5

the interests of the class." The Court must address two legal questions: (1) whether the named Plaintiff and his counsel have any conflicts of interest with other class members and (2) whether the named Plaintiff and his counsel will prosecute the action vigorously on behalf of the class. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). This inquiry "tend[s] to merge" with the commonality and typicality criteria. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). In part, these requirements determine whether "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

The Court is unaware of any actual conflicts of interest in this matter and no evidence in the record suggests that either Plaintiff or proposed class counsel have a conflict with other class members. Plaintiff's counsel has been appointed class counsel in numerous federal and state class actions. *See* Declaration of Aaron Kaufmann (hereinafter "Kaufmann Decl."), ¶ 16; Warner Decl. ¶¶ 4–5. The Court finds that proposed class counsel and Plaintiff have prosecuted this action vigorously on behalf of the class to date, and will continue to do so. The adequacy of representation requirement, therefore, is satisfied.

## 2.     Rule 23(b) Certification

To certify a class, Plaintiff must also satisfy the two requirements of Rule 23(b)(3). First, "questions of law or fact common to class members [must] predominate over any questions affecting only individual members." And second, "a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court finds that both are met in this case.

### a.     Predominance

"The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (quotation omitted). The Supreme Court has defined an individual question as "one where members of a proposed class will need to present evidence that varies from member to member . . . ." *Id.* A common question, on the other hand, "is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide

6

1  proof." *Id.*

2       Here, the Court finds for purposes of settlement that the common questions raised by

3  Plaintiff's claims predominate over questions affecting only individual members of the proposed

4  class. Plaintiffs allege that they were all hired by Long Ying using the same form contract,

5  improperly classified as independent contractors. Common questions of law and fact in this action

6  include whether the Campaign Workers were properly classified as independent contractors,

7  whether the pay stubs provided to Campaign Workers were compliance with the California Labor

8  Code, whether workers were paid upon discharge as required by California law, whether the

9  Coalition and Juul were the Campaign Workers joint employers, and whether Juul and the

10  Coalition should be treated as alter egos for purpose of liability in this action.

11              **b.**     **Superiority**

12       The superiority requirement tests whether "a class action is superior to other available

13  methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The

14  Court considers four non-exclusive factors: (1) the interest of each class member in individually

15  controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation

16  concerning the controversy already commenced by or against the class; (3) the desirability of

17  concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be

18  encountered in the management of a class action. *Id.*

19       Here, because common legal and factual questions predominate over individual ones, and

20  taking into account the large size of the proposed class, the Court finds that the judicial economy

21  achieved through common adjudication renders a class action a superior method for adjudicating

22  the claims of the proposed class.

23              **3.**     **Class Representative and Class Counsel**

24       Because the Court finds that Plaintiff meets the commonality, typicality, and adequacy

25  requirements of Rule 23(a), the Court appoints him as class representative. When a court certifies a

26  class, it must also appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B). Factors that courts should

27  consider when making that decision include:

28       (i) the work counsel has done in identifying or investigating potential claims in the action;

7

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). In light of Plaintiff's counsel's experience litigating class actions in federal court, and their diligence in prosecuting this action to date, the Court appoints Legal Aid at Work and Leonard Carder as class counsel.

**B.      Preliminary Approval of Settlement of Class Action Claims, PAGA Claim and FLSA Claim**

**1.      Legal Standard**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled ... only with the court's approval." "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, before a district court approves a class action settlement, it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674–75 (9th Cir. 2008). Federal Courts in California also consider this same standard when considering approval of settlements of FLSA claims brought as a collective, and claims brought under PAGA. *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019); *Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (quoting LWDA Response).

Where the parties reach a class action settlement prior to class certification, district courts apply "a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (quotation omitted). In those situations, courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of

1  certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654

2  F.3d 935, 947 (9th Cir. 2011).

3       Courts may preliminarily approve a settlement and direct notice to the class if the proposed

4  settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has

5  no obvious deficiencies; (3) does not grant improper preferential treatment to class representatives

6  or other segments of the class; and (4) falls within the range of possible approval. *See In re*

7  *Tableware Antitrust Litig.,* 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007). Courts lack the authority,

8  however, to "delete, modify or substitute certain provisions. The settlement must stand or fall in its

9  entirety." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

10       **2.    Analysis**

11       **a.    Settlement Process**

12       The first factor the Court considers is the means by which the parties settled the action. "An

13  initial presumption of fairness is usually involved if the settlement is recommended by class

14  counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198, 2011 WL

15  1627973, at *8 (N.D. Cal. Apr. 29, 2011).

16       Here, class counsel believes based on significant formal discovery, that the settlement is

17  fair, adequate, and reasonable. Warner Decl. ¶ 19. The Court consequently finds that this factor

18  weighs in favor of preliminary approval.

19       **b.    Preferential Treatment**

20       The Court next considers whether the settlement agreement provides preferential treatment

21  to any class member. The Ninth Circuit has instructed that district courts must be "particularly

22  vigilant" for signs that counsel have allowed the "self-interests" of "certain class members to infect

23  negotiations." *In re Bluetooth*, 654 F.3d at 947. For that reason, courts in this district have

24  consistently stated that preliminary approval of a class action settlement is inappropriate where the

25  proposed agreement "improperly grants preferential treatment to class representatives." *Tableware*,

26  484 F.Supp.2d at 1079.

27       Here, the settlement agreement does not grant any preferential treatment. The class

28  representatives will receive a settlement based on the same factors as all of the plaintiffs.

9

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND
COLLECTIVE ACTION SETTLEMENT AND CONDITIONAL CLASS CERTIFICATION

1  "Although the Settlement Agreement authorizes Plaintiff[s] to seek an incentive award up to

2  [$7,000] for [each Plaintiffs'] role as named plaintiff in this lawsuit, . . . the Court will ultimately

3  determine whether [each named Plaintiff] is entitled to such an award and the reasonableness of the

4  amount requested." *Cuzick v. Zodiac U.S. Seat Shells, LLC*, No. 16-CV-03793-HSG, 2017 WL

5  4536255, at *6 (N.D. Cal. Oct. 11, 2017). Thus, this factor weighs in favor of preliminary

6  approval.

7  **c.     Settlement with Range of Possible Approval**

8          The third factor that the Court considers is whether the settlement is within the range of

9  possible approval. "To evaluate whether the settlement amount, courts primarily consider plaintiffs'

10  expected recovery balanced against the value of the settlement offer." *Cuzick*, 2017 WL 4536255,

11  at *6. In other words, the Court is asked to evaluate the overall possible recovery available to

12  Plaintiffs, and the strength and weaknesses of Plaintiffs' case that could lead to less than full

13  recovery after trial.

14          Here, Plaintiff's counsel estimates that the total possible value of the claims asserted in the

15  class case on behalf of the 369 Campaign Workers are roughly $763,870, including wages due,

16  statutory damages, statutory penalties recoverable by the class, and interest on those claims.

17  Warner Decl. ¶¶ 15, 17. The total possible value of the claims asserted under the FLSA are

18  $4,670.45, divided equally between unpaid wages and liquidated damages. Roughly 25 Campaign

19  Workers have claims under the FLSA. Warner Decl. ¶ 15. The claims brought under PAGA are

20  valued at a maximum of $9.89 million. Warner Decl. ¶ 15. The vast majority of the value of the

21  PAGA claims comes from the claim of willful misclassification under Labor Code section 226.8,

22  which provides for penalties of between $5,000 and $25,000 per violation. Warner Decl. ¶ 15.

23          Plaintiffs' counsel has provided cogent reasons why the proposed settlement of $1.75

24  million is within the range of possible approval. The settlement provides for significant recovery

25  for the individual Campaign Workers, who will recover at least 73 percent of their maximum

26  possible recovery, and a higher share of their possible overall recovery for the overtime and

27  minimum wage claims. The discount of the total possible recovery makes sense in light of the legal

28  and practical risks presented by this case. Three of the four defendants in this case may lack the

10

financial resources to pay out a substantial judgment. There is a real risk that the fourth, Juul Labs, Inc., would be found not liable for the violations alleged by Plaintiffs and the class, either because it is not a joint employer, because it is not the Coalition for Reasonable Vaping Regulation's alter ego, or, for the penalties under Labor Code section 226.8, because it did not act willfully with regard to any decision to misclassify the Campaign Workers.

In addition, an extremely large share of the Plaintiffs' possible recovery is in the form of penalties under Labor Code section 226.8. There is a risk that the Court would exercise its discretion under Labor Code section 226.8 to substantially reduce the size of the penalties recoverable by the aggrieved employees.

### d.    Obvious Defects

The fourth and final factor that the Court considers is whether there are obvious deficiencies in the settlement agreement. The Court finds no obvious deficiencies, and therefore finds that this factor weighs in favor of preliminary approval.

\*      \*      \*

Having weighed the relevant factors, the Court finds that the settlement agreement is fair, reasonable, and adequate, and GRANTS preliminary approval.

### C.    Proposed Class Notice Plan

For Rule 23(b)(3) class actions, "the court must direct notice to the class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

The parties have agreed that a third-party settlement administrator will send class notice via first-class U.S. mail to each absent class member at their last known address, as provided by Defendant and updated by the administrator as appropriate. SA §§ VII.C. Any notice packets returned as undeliverable will be sent to any updated address provided with the returned mail. *Id.* Moreover, the administrator will conduct "skip tracing" to identify current addresses for returned notice packages. *Id.* The notice will also be sent by email to class members. *Id.* The administrator will also e-mail notice to those for whom addresses are available.

The parties have attached a copy of their proposed class notices to the settlement

11

agreement. SA §§ VII.C, Atts. A-B. These notices will also be translated into Spanish and Chinese. SA §§ VII.C. In addition to describing the information required by Federal Rule of Civil Procedure 23, the notices also inform class members that class counsel "will request a maximum of $750,000 attorneys' fees, and litigation costs." SA, Atts. A-B at 5. The notices also provide that Plaintiff "Class Counsel will request approval from the Court for a total $17,000 in service awards for the three named Plaintiffs for their efforts in pursuing this lawsuit, as well as their willingness to accept the risks of being a class representative" *Id.* The notice states that these motions will be made available on the class action website set up by the administrator. *Id.*

The Court finds that this is the best practicable form of notice under the circumstances.

## IV.    CONCLUSION

IT IS HEREBY ORDERED that

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement Class is certified, and the Settlement Agreement is preliminarily approved.

2. Plaintiffs Maria de la Luz Bautista-Perez, Luz Perez Bautista and Salvadora Correa are approved as the Class Representatives.

3. George Warner of Legal Aid at Work and Aaron Kaufmann and Giselle Olmedo of Leonard Carder LLP are appointed as Class Counsel.

4. CPT is appointed as Settlement Administrator.

5. Notice of the proposed settlement, and the rights of Class Members, including the right to opt out of the settlement, shall be given by mailing of the Notices appended to the Settlement Agreement by first class mail, postage prepaid, to the Class Members and by e-mailing the Notice to all Class Members for whom the parties have e-mail addresses.

6. A hearing shall be held before this Court on April 7, 2022 at 2:00 p.m. to consider whether the settlement should be given final approval by the Court:

    a. Written objections by Class Members to the proposed settlement will be considered if delivered on or before the deadline provided by the Settlement Agreement;

    b. At the Final Approval Hearing, Class Members may be heard orally in support of or in opposition to the settlement;

1

2    c.   Class Counsel and counsel for Defendant should be prepared at the hearing to
     respond to objections filed by Class Members, and to provide other information as
3    appropriate, bearing on whether or not the settlement should be approved; and

4    d.   At the Final Approval Hearing, the Court shall consider any motions or applications
5    for attorneys' fees, costs and litigation expenses, and incentive payments to the
6    Class Representatives, consistent with the Settlement Agreement, and any such
7    motions shall be filed with the Court no more than 30 days before the deadline for
8    filing objections.

9    7.   In the event the Effective Date occurs, all Settlement Class Members will be deemed to
10   have forever released and discharged the released claims.  In the event that the Effective
11   Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed
12   null and void and shall have no effect whatsoever.

13   8.   Pending further order of the Court, all proceedings in this matter except those contemplated
14   herein and in the Settlement Agreement are stayed.

15   9.   The Court expressly reserves the right to adjourn or continue the Final Approval Hearing
16   without further notice to the Class.

17   Date: _____, 2022

18                                            _____
                                             Honorable Haywood S. Gilliam. Jr.
19                                           United States District Court Judge

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND
COLLECTIVE ACTION SETTLEMENT AND CONDITIONAL CLASS CERTIFICATION